## FOSTER v. BEATY.

In prosecutions under the statute respecting the support and maintenance of bastard children, the complainant must file a declaration in the Circuit Court of Common Pleas, stating that she has been delivered of a bastard child—which was begotten of her body by the person accused—the time and place when and where it was begotten, with as much precision as the case will admit—that being put upon the discovery of the truth during the time of her travail, she accused the respondent of being the father of the child, and that she has continued constant in such accusation. To such declaration the plea to the merits is *not guilty.*

THIS was an application for a writ of *certiorari,* to quash a record of the Circuit Court of Common Pleas in a prosecution there, wherein the petitioner had been adjudged the putative father of a bastard child.

The respondent, it appeared, had made complaint to a Justice of the Peace, charging the petitioner as the father of a bastard child of which she was then pregnant; whereupon he was apprehended by virtue of a warrant issued by the Justice, and gave bond for his appearance at the Circuit Court of Common Pleas in which Court a trial was afterwards had by jury. But no accusation or complaint was filed in that Court, nor was any issue joined or tendered there.

The cause was briefly spoken to at this term by *Greenleaf*, for the petitioner, and *Virgin*, for the respondent; and being continued *nisi*, the opinion of the Court was delivered at the succeeding term in *Cumberland*, to the following effect, by

MELLEN C. J. In all indictments such facts must be stated as, if proved, will justify a conviction and sentence. In civil actions too, the declaration must state a good cause of action, and there must be an averment of all those facts which it is necessary should be proved to entitle the plaintiff to a verdict. In looking into the record produced to support this application, it appears to be grossly defective. Some of the most important facts necessary to justify a verdict against the original defendant are totally omitted. No declaration was ever filed in the cause; no plea given; of course no issue joined; in fact, no foundation for the verdict and judgment is disclosed. There is nothing in the case but the examination taken before the magistrate; and this was considered as the *basis* of the proceeding in the Court below, and as a sufficient complaint, or charge, or declaration, on which the cause should be tried; and yet it appears that such complaint or examination was merely used as proof. Nor does it appear that any child has ever been born. In fact the record is wholly defective and irregular. It is somewhat surprising that such loose practice should be continued by counsel or allowed by the Court below after the decision of the case of *Drowne v. Stimpson*, 2 *Mass.* 444.

In prosecutions under the act on which this complaint was founded, after the action is entered, and before the cause can be put to trial, the complainant must file a declaration, stating all the material facts which are necessary to be proved to support the prosecution. In this declaration she should state that she has been delivered of a bastard child; that it was begotten upon her body by the person accused, and the time and place when and where the child was begotten, with as much precision as she can; that being put upon the discovery of the truth respecting the same accusation in the time of her travail, she did thereupon accuse the defendant of being the father of such child; and that she has continued constant in such accusation.

To this declaration, so filed, the defendant may plead that he is not guilty, and on this plea issue must be joined.

Having thus stated the regular mode of proceeding in such cases, the question is, what order shall be taken on the present application. We have been furnished with proof that though no declaration was filed or issue joined, yet a fair and full trial was had ; and that the birth of the child as a bastard, the constancy of the complainant's accusation, and her charging the petitioner with being the father of the child in the time of her travail, were all proved to the jury. No substantial injustice, then, has been done, though much irregularity appears in the record. It is in the discretion of the Court to *grant* the writ ;— in which case the proceedings must be quashed, and all expenses incurred by the suffering complainant be wholly lost, and she turned round to a new prosecution ;—or to *deny* the writ ; leaving the proceedings undisturbed, and the rights of the parties as they were settled by the verdict and judgment. Considering that a fair trial has been had, and that there seems no reason to question the justice of the decision, we prefer the latter course ; but in future, similar indulgence will not be shewn by the Court, where such irregularities are allowed to occur. Accordingly the application is not sustained and the

*Writ is denied.*