† BEALS, *complainant, versus* FURBISH.

The accusation and examination of the complainant under c. 131, R. S., may be made *before* as well as *after* the birth of the child; and are not required to contain allegations of an accusation in time of her travail, or of constancy therein.

Nor is it necessary to state the *precise time* when the child was begotten. If charged as having transpired between the first and fifteenth of the month recited, it is sufficient.

That the complainant may be a competent witness, she must accuse the respondent at the time of her travail and remain constant in such accusation.

This requirement at the time of her travail is satisfied, if her accusation is made during the *interval* of her pains.

If, in her *declaration,* she allege the child was begotten on or about a certain day, it is a compliance with the statute. The *certainty* in criminal matters is not required in these proceedings.

After a verdict against the respondent in a bastardy process, it is no ground for a new trial, that the jury found the child was begotten at a later time than that charged in the complaint and declaration.

ON EXCEPTIONS from *Nisi Prius,* CUTTING, J., presiding. COMPLAINT under c. 131, R. S., relating to bastard children and their maintenance.

The accusation was made April 21, 1854, and the child was born on the 12th of the same month. In this accusa-

tion her pregnancy is alleged to have commenced from the first to the middle of July, 1853.

Her declaration in Court fixes the time she was made pregnant, on or about the 12th day of July, 1853.

When the cause came on for trial, a motion was made to quash the proceedings because the complaint did not allege any accusation of respondent during the time of her travail, or that she remained constant in that accusation, and time and place were not alleged with sufficient certainty.

This motion was overruled and respondent required to plead.

Evidence was offered by complainant that during her travail she accused the defendant of being the father of her child, and had been constant in such accusation, and evidence was introduced by defendant tending to contradict it; but it appeared that in the *intervals* of her pains she did accuse the respondent.

The complainant was permitted to testify.

Evidence was produced by respondent tending to prove that he was absent from the place where the child was alleged to be begotten and that part of the State from July 2d to July 19th, of 1853.

The respondent requested the instruction that the time and place being required to be stated in the accusation and declaration, are material averments, which she is required to prove, and is not at liberty to disprove, and to charge and prove an offence at another time and place; but the Court instructed the jury that *time* in this process was immaterial, and that if they were satisfied from all the evidence in the case, that the respondent was the father of the child, they would find for the complainant, though it should appear that the child was not begotten between the 1st and 15th of July, 1853.

The jury were required, if they found for complainant, to find whether the child was begotten between July 1st and 15th, of 1853.

A general verdict for complainant was returned, and they

answered the interrogatory that the child was not begotten between the 1st and 15th of July, but probably after.

Exceptions were filed by the respondent, and a motion to set the verdict aside as being against law and the weight of evidence.

*Lowell, Thacher & Foster*, in support of the exceptions.

The *time* was not stated in the complaint as required in c. 131, § 1, R. S. The complainant ought not to have been admitted as a witness, as she did not accuse the respondent " during or at the time of her travail." c. 131, § § 7, 8, R. S., and c. 1, § 1, clause 1. Webster's Dict. "Travail." *Blake* v. *Junkins*, 35 Maine, 433; *Maxwell* v. *Hardy*, 8 Pick. 560, and 21 Pick. 132.

But if admitted she should have been confined to testify to the matters alleged in her accusation. The time stated was material, and she should not have been allowed to contradict or vary it. R. S. c. 131, § § 1, 7; *Foster* v. *Beaty*, 1 Maine, 304; *Rice* v. *Chapman*, 10 Met. 6.

*Gould, contra.*

APPLETON, J. — It is urged that the proceedings before the magistrate taking the accusation and examination of the complainant, should have been quashed, because it is not alleged therein that she accused the respondent of being the father of her bastard child, at the time of her travail, and that she has continued constant in her accusation.

By R. S., c. 131, § 1, the accusation and examination of the complainant may be made before the birth of the child, which " if born alive may be a bastard." By § 8, the accusation of the complainant at the time of the travail, that the person accused is the father of the child of which she is about to be delivered, and constancy in such accusation are required to render her a competent witness. These facts are not, by § 1, to be inserted in the preliminary proceedings. From the nature of the case, it must be so, because the process before the magistrate may be had, and the accused required to give his bond before the birth of the child.

It is next objected that the time and place when and where the complainant's child was begotten were not stated in said complaint and warrant, with reasonable and sufficient certainty.

The allegation is, "that she was between the *first and fifteenth days of July*, 1853, made pregnant with a child, and which was a male child, born alive, on the twelfth day of April, A. D. 1854." The statute, § 1, only requires that the justice "shall take her accusation and examination on oath respecting the person accused, *and the time and place, as correctly as either can be described, when and where the child was begotten*, and all such other circumstances as he may deem useful in the discovery of the truth."

No complaint is made that the place is not described with sufficient certainty. The objection taken relates only to the allegation as to time. In *Tillson* v. *Bowley*, 8 Greenl. 163, in the examination before the magistrate, it appeared that the complainant had charged the respondent with being the father of a child with which she was then pregnant, which she alleged was begotten on or about the 11th of April, without saying in what year. The complaint bore date Nov. 7, 1829. WESTON, J., says, "it is impossible to mistake what April was intended," and the Court sustained the proceedings. In *Marston* v. *Jenness*, 12 N. H. 144, an objection similar to the one in the case before us was taken, in reference to which GILCHRIST, J., remarks, "we have already held, that a complaint under this Act was not a complaint for an offence, in *Marston* v. *Jenness*, 11 N. H. 156, and it follows that the strictness usually required in criminal proceedings is not requisite here." *Robie* v. *McNuce*, 7 Verm. 419, a complaint was held to be a civil process and amendable, and that the certainty as to time required in criminal proceedings was not necessary. "We consider the verdict," says WILLIAMS, C. J., "has cured any defects if there were any in the proceedings, even as the complaint was before the amendment."

The complainant was properly admitted. Her accusation

of the father was made "at the travail," after the pains of labor had commenced, and before the birth of the child, and she is none the less competent because it was made in a temporary interval of comparative freedom from pain. Indeed it is not easy to perceive at what other time it could have been made.

In the declaration filed in pursuance of § 7, the allegation is that the child was begotten on or about the 12th day of July, 1853. This section requires that the declaration should state the time and place, when and where the child was begotten, "with as much precision as the case will admit." The certainty in criminal proceedings is not necessary. The declaration is sufficient within the statute.

The jury rendered a general verdict of guilty, and upon inquiry by the Judge, answered verbally that " the child was not begotten between the 1st and 15th days of July, 1853, but probably after." This in no way changes the verdict or detracts from its effect. The gist of the matter before the jury was, whether the child of which the complainant had been delivered, was begotten by the defendant, and not on what particular day it was begotten. He was equally liable whether it was on the 12th or the 16th of July, as by the verdict it might have been. As to the main fact in the case, the jury found no difficulty. As to the time they could hardly be expected to be more accurate than the mother, and it would be a novel course of procedure to grant a new trial because the jury could not on their oaths say on what particular day conception took place.

The verdict rests on the testimony of the complainant. The attention of the jury was clearly and forcibly directed to all the circumstances tending in any measure to diminish the force and effect of her statements. The degree of credit to be given to her as a witness was a matter for them to determine. From the evidence as reported, there is nothing indicating any such error on their part as to the facts, as according to well settled principles would require or justify our interposition. *Exceptions and motion overruled.*