WILLIAM DRAKE AND LUCENIA, HIS WIFE, v. TOWN OF SHARON.

*Bastardy.    Pauper.    Interest.*

A town has only the same right to money received through its overseer in settle-
ment of a prosecution for bastardy that it would have if it were paid under an
order of affiliation.

This money, in either case, is to be applied, exclusive of all costs, " solely for the
support of the child."

The order of affiliation is intended to provide for the support of the child only for
such time as he is likely to be unable to support himself, and no longer. If,
therefore, the mother supports the child for such time without charge to the town,
she will then be entitled to the money received in settlement by the overseer, with
interest, the town having applied the money to its own use from the time it was
paid into its treasury.

The town is trustee of money so received for the specific purpose of applying it to
the support of the child and the benefit of the mother.

ASSUMPSIT for money had and received.    Plea, the general issue.
Trial by court, May Term, 1866, BARRETT, J., presiding.

The court found that the name of the plaintiff, Lucenia Drake,
before marriage, was Lucenia Morse ; that she was born in Sharon,
Vt., May 13th, 1821 ; that she resided there until she was twenty-
eight years old ; that she had a child before marriage by one Phineas
Pierce, born October 23d, 1844 ; that a prosecution for bastardy was
commenced against said Pierce by the overseer of the poor of Sharon,
Truman Holt, in his official capacity ; that Pierce settled said suit by
paying $175. to said Holt, which said Holt paid into the treasury of
Sharon, March 15th, 1845 ;  that this was done in presence of the
town  agent, and with  the concurrence of the selectmen, and said
prosecution was fully settled and ended as against Pierce ; that said
child was supported by its mother and her husband, William Drake,
until it was twenty-one years old, without any aid from the town of
Sharon, except $10. paid the mother when the child was about one
and a half years old ;  that before the March meeting of 1866, the
plaintiffs' claim was presented to the proper town authorities and
payment demanded, which was refused, and the claim disallowed ;
and that the plaintiffs were married-when said child was about three
years old.

Counsel for the defendant claimed, 1st. That the money was, and ever had been, absolutely the property of the town. 2d. That the plaintiffs could not in any view recover without showing that all liability of the town to support or aid the said bastard and his posterity, was ended. The court rendered judgment for the plaintiffs for the balance of said $175., deducting the $10., paid as stated in Mrs. Drake's deposition, and *pro forma* for the simple interest on the same, from the time the money was paid into the treasury,—to which the defendant excepted.

*Washburn & Marsh,* for the defendant.

I. The defendant insists that, in the absence of any interference by Pierce, the money in question is the property of the town.

It is the natural duty of the mother to support her illegitimate child. The statute imposes a similar duty upon the father, when ascertained, but does not relieve the mother from her obligation. Rev. St., 349, § 7. They are jointly to support the child.

But, by the general pauper laws, the town is chargeable with such support, if it be not afforded by the father or mother ; and the town is allowed, by statute, to require indemnity from the father against such liability.

That the primary right of the town is one of indemnity is shown by a comparison of the statutes. St. of 1779 ; Vt. State Papers 364 ; St. of 1787, p. 24 ; St. of 1797, p. 192 ; St. of 1822 ; St. Comp. 368 ; Rev. St. 350–1 ; Acts of 1843, p. 20, § 6 ; *Townson* v. *Wilson,* 1 Camp. 396 ; *Anon.* 1 Camp. 398, (*n.*) ; *Cole* v. *Gower,* 6 East. 116 ; *Knight* v. *Priest,* 2 Vt. 511.

And this right of the town is independent of that of the mother, and cannot be controlled or released by her. *Sherman* v. *Johnson,* 20 Vt. 567, 570 ; *Humphrey et ux.* v. *Kasson,* 26 Vt. 760 ; *W. Windsor* v. *Turner,* 29 Vt. 353. If, therefore, any right exists against the town for the recovery of the money in question, it is in the father, who furnished the indemnity, and not in the mother.

II. But the town is entitled to full indemnity against all liability of expense, and is entitled to retain the indemnity until all liability has ceased. That can only be when the illegitimate child has died

Drake et ux. *v.* Sharon.

without issue, or has obtained a legal settlement in another town in the state.

III. If the plaintiffs are entitled to recover the balance of money, the court erred in allowing interest from the time the money was received by the town. *Brainerd* v. *Champlain Trans. Co.*, 29 Vt. 156; *Abbott* v. *Wilmot*, 22 Vt. 437; *Sprague* v. *Est. of .Sprague*, 30 Vt. 490; *Evans* v. *Beckwith*, 37 Vt. 289.

*French & Johnson*, for the plaintiffs.

I. The money which was paid by Pierce in settlement of the bastardy prosecution belonged to the plaintiff, Mrs. Drake, as the mother of the child, and was for her own support and that of the young child. If the mother supports the child, she is, by law, entitled to the money; the prosecution is in her name and for her benefit, and for her own and the child's support.

II. The town was liable to pay *interest* upon this money. The town was but a *trustee*, holding the funds as security against the support of the child, *and in trust for Mrs. Drake*, and it is well settled that a trustee is liable to pay interest upon trust funds, and in some cases *compound interest*. 1 Parsons on Con. 103; *Manning* v. *Manning*, 1 Johns. Ch. R. 527; *Scheiffelier* v. *Stewart, Ibid.*, 620; 2 Story's Eq. 517.

The opinion of the court was delivered by

KELLOGG, J. The question in this case is, to whom does the money belong which was paid by Pierce, the father of the illegitimate child of the *feme* plaintiff, in settlement of a prosecution for bastardy commenced in her name, and prosecuted or controlled by the overseer of the poor of the town of Sharon. The sum of one hundred and seventy-five dollars, being the money in controversy, was paid by Pierce to the overseer on this settlement, and was by the overseer paid into the treasury of the town, on the 15th March, 1845. The child was a male child, and was born on the 23d of October, 1844, and he was supported by his mother until he was old enough to support himself, and he is now living. The town never incurred any expenses on account of his support, nor contributed any

Drake et ux. *v.* Sharon.

assistance to his mother towards it, except the sum of ten dollars paid to her when he was about one year and a half old. The prosecution, in settlement of which this money was paid, was commenced under statute provisions in respect to the maintenance of illegitimate children, which, in all essential particulars, were the same as those now in force. Gen. Stat., chap. 74, p. 491, *et seq.* The mother is authorized to commence a prosecution for bastardy, or it may be commenced, controlled and managed, under certain conditions, by the overseer of the poor. In either case, when an order of affiliation is made, the father is, in the language of the statute, " charged with the support of the child, with the assistance of the mother, in such manner, and in such proportion, as the court shall judge proper, and *for such time as the child is likely to be unable to support itself, and no longer,* and also ordered to pay to the mother such proportion of the expenses already accrued in the premises as the court shall deem just, and all costs at such time as the court shall direct." Gen. Stat., p. 492, § 7. The prosecution is allowed for the benefit of the mother, and its object is to compel the father to contribute to the payment of her lying-in expenses, and to assist her in providing for the child's support ; and it is provided by the statute that if she will give sufficient security to indemnify the town for the support of the child, then the power granted to the overseer to commence, or to control and manage, the prosecution shall cease, (G. S. p. 493, § 14,) and it is also provided that when the prosecution is controlled and managed by the overseer, he shall apply any money received under the order of affiliation, or on any compromise made with the father by the consent and approbation of the mother, exclusive of all costs, " solely for the support of the child," (§ 13.) From this statement of the statute provisions, it is manifest that the right which the town of Sharon had to the money received on the settlement of the prosecution against Pierce, was only the same right which it would have had to the same money if it had been received by its overseer under an order of affiliation made on that prosecution, and paid by the overseer into its treasury.

The mother, having supported the child through the age of nurture and until he was able to support himself, is entitled to the benefit of

Drake et ux. *v.* Sharon.

the money received by the town for the purpose of being applied to that support, unless the town is entitled to retain it for some purpose authorized by the statute. It is claimed on the part of the town that the money was received as an indemnity against the support of the child, and that, as such, the town is entitled to retain it until all possible liability for his support has ceased, and that this can only be when he dies without issue, or obtains a legal settlement in some other town in this state. This claim, as we think, magnifies the right of the town to an indemnity for the support of the child far beyond the limits contemplated by the statute. The order of affiliation is intended to provide for the support of the child only for such time as he is likely to be unable to support himself, and no longer; and the provision under which the powers of the overseer to commence or control and manage the prosecution are to cease if the mother will give sufficient security to indemnify the town for the support of the child refers to the child alone, and to its support for the same period which would be provided for in the order of affiliation. This provision would be wholly defeated by a construction which would require the mother to give security to indemnify the town for the support both of the child and its posterity.

The town was trustee of the money in controversy for the specific purpose of applying it to the support of the child and the benefit of the mother, and we find no satisfactory ground upon which we can hold that it can now retain the money as against her claim. As the money was applied by the town to its own uses at the time when it was paid into its treasury, we think that the town should be charged with interest upon the money from that time.

Judgment of the county court for the plaintiffs affirmed.