## WELCH v. CLARK.

*Evidence.   Party to Complaint for Bastardy.*

To complaint for bastardy prosecuted by the town charged with the support of the child, the mother is a party, and evidence of her declarations out of court is evidence in chief.

COMPLAINT FOR BASTARDY prosecuted by the town of Ryegate. Plea, not guilty, and trial by jury, at the June Term, 1877, Caledonia County, Ross, J., presiding, and verdict of guilty.

It was conceded that the child, which was about a year old, was supported by the town.

The plaintiff, Luela Welch, a witness on her own behalf, was asked on cross-examination if she did not tell Alonzo Carrick, in conversation with him at Groton after the examination before the justice, that if it had not been for Hosea Welch, Jr., who unduly influenced her, she should not have sworn the child onto the defendant; that she was very sick at the time—the second day after the child was born—and did not understand what she was doing; that Welch told her she must go to St. Johnsbury and testify in the County Court the same as she did before the justice, or they would send her to state prison; and she denied having any such conversation with Carrick.

The defendant introduced Carrick as a witness, who testified to the same that plaintiff thus denied having told him.

The plaintiff, in rebuttal, called said Welch, and offered to show by him that he never in any manner attempted to influence plaintiff to swear the child onto defendant; that he was present when plaintiff made oath before the justice as to the paternity of her child, but did not know upon whom she was going to swear it until she swore it onto defendant; that she fully understood what she was doing at the time, and that he never told her that if she did not testify in County Court as she did before the justice, they would send her to state prison.

To the admission of this testimony the defendant objected, but it was admitted; to which the defendant excepted.

*Dickey & Blodgett* and *Leslie & Rogers*, for the defendant.

The testimony of Welch was not admissible. The town was the party in interest, and the complainant of record was a mere witness. 1 Greenl. Ev. s. 172 ; *Sargent* v. *Sargent*, 18 Vt. 371. Besides, his testimony was not evidence in rebuttal of Carrick's testimony. *Hine* v. *Pomeroy*, 39 Vt. 211. The prosecution would not have been permitted to call witnesses to show that the complainant of record had told the same story before that she did on trial. 1 Phil. Ev. 213 ; *Gibbs & Boies* v. *Linsley*, 13 Vt. 208.

But, at all events, it was error to allow Welch to testify that the complainant understood what she was doing, as that was allowing him to testify to an opinion. 1 Greenl. Ev. s. 440 ; 1 Sm. Lead. Cas. 286 ; *Lester* v. *Pittsford*, 7 Vt. 158 ; *Clifford* v. *Richardson*, 18 Vt. 620 ; *Fraser* v. *Tupper*, 29 Vt. 409 ; *Crane & Wife* v. *Northfield*, 33 Vt. 124.

*Belden & Ide*, for the plaintiff.

The testimony of Welch was admissible to corroborate the complainant of record. It was also admissible to show that the fact was otherwise than as the complainant's supposed admission stated. *Hasbrook* v. *Stransen*, 14 Wis. 403 ; *Taning* v. *Foote*, 43 Ill. 33.

The opinion of the court was delivered by

REDFIELD, J. The exceptions of the defendant would be well taken if the plaintiff of record is to be regarded as merely a witness and not a party. The record shows that the case was prosecuted by the town of Ryegate. It has been held that the town in such case has no ownership of the suit, and holds the avails in trust for the plaintiff, with the right, when the burden of support is cast upon the town, to apply such avails to the extent required, in support of the child. And it is the duty of the town to pay over to the mother all moneys not so expended.

The prosecution must be in the name of the mother ; and she and the child have the sole interest in such prosecution. *Drake et ux.* v. *Sharon*, 40 Vt. 35.

The plaintiff is, then, a *party* in the trial, though by statute

she is made a witness. Her declarations out of court are, therefore, evidence in chief; and whether plaintiff had testified or not, Carrick's testimony is evidence of the fact that she was unduly influenced by Welch to testify as she did, and that " she was very sick, and did not understand what she was doing," at the time she testified, was admissible. It was lawful, then, to call Welch as a witness, to prove that the *fact* was not what she had admitted it to be to Carrick; and in this there was no error.

Judgment affirmed.