## STATE *vs.* JAMES HACKETT.

A bastardy complaint under Pub. Stat. R. I. cap. 73, made May 6, 1882, charged that one " C., an unmarried woman, is with child, which, if born alive, may be a bastard, and that said child was begotten on or about October 6, 1881," and prayed that the defendant, the putative father, " may be apprehended and held to answer this complaint and be otherwise dealt with according to law." On this complaint the defendant was arraigned May 7, 1882, and after various continuances was found guilty by the Justice Court, September 1, 1882. He appealed to the Court of Common Pleas, and the jury returned a verdict of guilty. On exceptions to the rulings of the presiding justice :

*Held*, that the proceedings were properly carried on upon the original complaint.

*Held*, further, that the birth of the child did not make a new complaint necessary as the child was living.

Evidence was admitted before the jury to prove that the child was born alive and that it was still living.

*Held*, that the evidence of the birth was properly admitted because bearing on the question of pregnancy; that evidence of the child being born alive was properly admitted because possibly pertinent to the question of paternity; that evidence of the child being still alive was irrelevant to any issue before the jury, but was manifestly of no consequence.

The mother testified that conception took place late in October or early in November, 1882.

*Held*, that the variance of proof from the allegations in the complaint was immaterial.

EXCEPTIONS to the Court of Common Pleas.

*April* 14, 1883. DURFEE, C. J. This is a complaint against the defendant under Pub. Stat. R. I. cap. 73, to charge him as the father of a bastard child begotten on the body of one Catherine Farrell. The complaint was made by the Overseer of the Poor of the city of Providence, May 6, 1882, in pursuance of an examination of said Catherine, then *enceinte*. The complaint charges that at Providence, on the 6th May, 1882, " Catherine Farrell, an unmarried woman, is with child, which, if born alive, may be a bastard, and that said child was begotten by James Hackett, on or about the sixth day of October, 1881, at said Providence," and thereupon the complainant prays that the defendant " may be apprehended and held to answer this complaint and be otherwise dealt with according to law." On this complaint and examination the defendant was arraigned before the Justice Court, May 7, 1882, and pleaded not guilty. The proceeding was continued until July 14, 1882, and then again continued until September 1, 1882, when the defendant after trial was found guilty, and subjected to an order for payment accordingly. The defend-

ant appealed to the Court of Common Pleas, and there, on trial by a jury, was found guilty and ordered to pay $75 expenses of lying in and the costs and expenses of the complainant forthwith, and to pay $2 a week for the support of the child. The defendant before trial moved the Court of Common Pleas to quash the complaint, and after trial moved in arrest of judgment. These motions were overruled and exceptions were taken. The ground of the motions was that, inasmuch as the trial did not come on until after the birth of the child, a supplemental complaint ought to have been made, setting forth the birth of the child, that it was born alive, was still living, and was a bastard, and alleging the lying in and the expenses thereof. The defendant relies, in support of this point, on *Foster* v. *Beaty*, 1 Me. 304; *Rice* v. *Chapin*, 10 Met. 5; *Reed* v. *Haskins*, 116 Mass. 198. The statutes under which these cases were decided differ from ours. In them, moreover, there was no complaint, but merely the examination of the mother. We do not think, therefore, that the cases are of decisive authority for us. Here the examination of the mother was supplemented by the complaint of the Overseer of the Poor, and if the trial had gone on before the birth of the child, there can be no doubt that the original complaint would have been sufficient. The question is, then, whether the birth of the child so changes the character of the proceeding that a new complaint is necessary. If we look to the statute for light on this question, we find that the statute does not prescribe any new complaint unless the child shall have died before the trial, but that it assumes that, if the child lives, the prosecution will proceed to judgment under the original complaint. The statute affords no countenance to the defendant's claim that the examination and original complaint are only proceedings under which the defendant can be held for trial, and that for his trial a new and fuller complaint is necessary. The defendant further contends that a new complaint is necessary, because he has a constitutional right to have the charge against him made with fulness and certainty, and because the original complaint is deficient in fulness and certainty, and in fact presents no issue on which the case can be tried. The counsel for the defendant argued this point with much ingenuity and ability, but we are not convinced by his argument. The original com-

plaint and examination do present a definite issue, namely, whether the defendant is the father of the child, unborn, at the making of the complaint. On any new complaint, made after the birth of the child, the chief and controlling issue would be the same, however it might be complicated by other but incidental questions. The manifest purpose for which provision is made for a continuance of the complaint for trial until after the birth of the child, is, not the introduction of these incidental questions, but convenience and certainty of proof. The statute takes it for granted that if a woman is quick with child, she will be delivered of it in due time, that expenses will accrue from the delivery and lying in, and further expenses from the support of the child. The statute treats these as natural and presumable consequences, and, on proof of paternity, subjects the putative father to the pecuniary charges resulting from them. The delay is rather for his benefit than for the benefit of the prosecution, and he has the right, under the statute, to demand an immediate trial. On this point, therefore, we do not find that the court below committed any error.

Exceptions were taken by the defendant to testimony which was permitted to go to the jury to show that the child had been born alive and was still living. We think the testimony that the child was born was clearly admissible, in proof of the pregnancy of the mother when the complaint was made, and that the testimony that the child was born alive was or may have been pertinent and material on the question of paternity. We think the testimony that the child was still living was irrelevant to any issue triable to the jury, but it was manifestly too irrelevant to have had any effect on the jury. These exceptions are therefore overruled.

The mother of the child testified on the trial that the child was begotten either late in October or early in November 1882, whereas the complaint and examination alleged that it was begotten on or about the 6th of October, 1882. The defendant moved that the complaint be dismissed for variance between the allegation and proof. The court denied the motion, and the defendant excepted. We think this was not error. The averment of the time when the child was begotten was not a necessary part of the com-

plaint. It is usual to insert it, probably because it serves as a guide to the court in determining what continuance shall be granted. It may be treated as surplusage. *Beals* v. *Furbish*, 39 Me. 469.                                     *Exceptions overruled.*

*Stephen A. Cooke, Jun.*, for plaintiff.

*Arthur L. Brown*, for defendant.