## JOSEPH CORCORAN
## v.
## THE PEOPLE, ETC.

*Bastardy—Evidence.*

1. In bastardy proceedings evidence tending to prove the poverty of the mother, or that she has named the child after the reputed father, is inadmissible.

2. Under the circumstances of the case presented, this court approves the action of the trial court in permitting certain young men to testify that they had never had sexual intercourse with the prosecuting witness.

[Opinion filed May 28, 1888.]

APPEAL from the Circuit Court, La Salle County; the Hon. GEORGE W. STIPP, Judge, presiding.

Messrs. DUNCAN, O'CONOR & GILBERT and BULL, STRAWN & RUGER, for appellant.

Messrs. MOLONEY & STEAD, for appellee.

LACEY, J.    The appellant was charged with being the father of the illegitimate child of Bridget Cashman, who was an unmarried woman.    The truth of the charge rested upon the unsupported testimony of the mother of the child, who testified to but one act of illicit intercourse between her and the appellant, which she claims took place at a picnic on William Butler's premises on the evening of the 24th of August, 1884, and that the child was born May 17, 1885.    According to her testimony no other act of illicit intercourse ever took place with him either before or after that time, though he had attempted it once before but never afterward.    The appellant unqualifiedly denies in his testimony that he ever had any act of illicit intercourse with her in his life.    There is no evidence that corroborates her, but some that seems to throw discredit

Corcoran v. The People.

on her statements. To say the least, the evidence is weak and of an unsatisfactory character to establish the paternity of the child on the appellant. We are not entirely prepared to say, however, if there had been no error committed by the court in the conduct of the trial, that we would set aside the verdict for the want of evidence to support it. Various errors are assigned as to the ruling of the court in the admission of evidence. Among other things the court allowed appellee, against appellant's objection, to show that the complaining witness had named her child, which was a boy, Joseph Corcoran, after the reputed father, and had had him baptized in the Catholic church by that name; also that she was too poor to buy clothes for the child before it was born. We think this was error on the part of the court. The evidence certainly did not tend to establish any issue in the case. It was in the nature of manufactured evidence to allow the complaining witness to corroborate her own oath by her own acts, which are in the nature of declarations that appellant was the father of her illegitimate child. The question of the poverty of the prosecuting witness had no bearing on the issue in the case. It was improper to go to the jury. It was immaterial, and could only have a detrimental influence against appellant by creating a strong feeling of sympathy in the minds of the jury in favor of the prosecuting witness. Such evidence has been condemned by the Supreme Court in various cases, in principle the same as this. Chicago v. O'Brennan, 65 Ill. 160.

The other objections to rulings of the court complained of by counsel for appellant, we do not think well taken. The instructions given for appellee, in regard to the quantum of evidence sufficient to establish appellant's paternity of the child, we think are not erroneous. The evidence of certain young men, members of the family with which Bridget Cashman lived, to the effect that they had never had sexual intercourse with her, was not, as we think, improper under the circumstances, provided appellee desired to show such facts. It might be considered by the jury for what it was worth. But for the errors above indicated the judgment of the court is reversed and the cause remanded.

*Reversed and remanded.*