STATE EX REL. ZEHNTNER, APPELLANT, *v.* TIPTON, RESPONDENT.

[Submitted July 2, 1894. Decided November 8, 1894.]

BASTARDY—*Evidence.*—In a prosecution for bastardy declarations made by the prosecutrix, while in travail, that the defendant was the father of her child, are incompetent.

SAME—*Corroborating testimony.*—In a prosecution for bastardy it is error to charge the jury that the testimony of the prosecutrix must be sustained by facts and circumstances corroborating it, since, under section 616 of the Code of Civil Procedure, the direct evidence of one witness, who is entitled to full credit, is sufficient for proof of any fact except perjury and treason.

*Appeal from Sixth Judicial District, Meagher County.*

BASTARDY proceeding. The cause was tried before HENRY, J. Defendant had judgment below. Reversed.

Statement of the case by the justice delivering the opinion:

This is a proceeding brought under chapter 11 of the General Laws, entitled "Bastards," seeking to charge respondent with the paternity of the bastard child of relator, and for the relief provided in said chapter 11.

On a trial in the district court verdict and judgment were for defendant. Relatrix appeals from the judgment. Her counsel allege in their brief two errors, saved by bill of exceptions; one in the exclusion of certain testimony and the other in the giving of an instruction to the jury. These assignments are considered in the opinion below.

*Thompson & Maddox*, for Appellant.

I. The court virtually charged the jury that they must acquit the defendant unless testimony of the prosecutrix was corroborated. This was error, and prejudicial. The jury might have believed the testimony of the prosecutrix, and, having heard the testimony for the defendant and observed the conduct of himself and witnesses, might have regarded the entire testimony for the defense as unworthy of belief. The prosecutrix was not corroborated in this case, and therefore the jury, under the instruction, were bound to acquit. The credibility of the mother was a question for the jury. (Comp. Stats., div. 5, § 154.) It should have been left to the jury to say whether they believed the statements of the prosecutrix, though uncorroborated. It was not incumbent upon the prosecution to prove their case beyond a reasonable doubt, but merely by a preponderance of evidence. The jury may have considered that the preponderance of evidence was with the unsupported statements of the prosecutrix, but, inasmuch as she was uncorroborated, they were powerless to convict. (Code Civ. Proc., § 616.)

II. The jury were also instructed that the defendant and prosecutrix were, other things being equal, of equal credibility. Carefully considered cases sustain the proposition that the defendant is not, other things being equal, to be considered of equal credibility with the complaining witness. (*McClellan* v. *State*, 28 N. W. Rep. 345; *Kenney* v. *State*, 42 N. W. Rep. 213; *Burgess* v. *Bosworth*, 23 Me. 573.)

*Smith & Gormley,* for Respondent.

I. The trial of a bastardy case, when it reaches the district court, is in the nature of a civil proceeding, in which the mother and reputed father are both interested parties, and, other things being equal, the complaining witness and the defendant are of equal credibility. The instruction complained of was therefore correct. (2 Am. & Eng. Ency. of Law, 144; *Edmond* v. *State,* 6 South. Rep. 58; *Semon* v. *People,* 42 Mich. 141; *McFarland* v. *People,* 72 Ill. 368; *People* v. *Stare,* 50 Ill. 52; *Reed* v. *State,* 26 Pac. Rep. 956; 1 Blackstone's Commentaries, 458.) The pecuniary interest of the mother in the proceeding is clearly manifest by section 150 of the bastardy act. (Comp. Stats., p. 634.)

II. In cases of this character the testimony of the complaining witness must be corroborated. (Wharton's Criminal Evidence, § 388; *People* v. *Benson,* 6 Cal. 221.)

DE WITT, J.—The first alleged error is stated in the bill of exceptions as follows: "After having introduced testimony tending to prove that the prosecuting witness or plaintiff did, on the twenty-fourth day of May, 1893, at the county of Meagher, state of Montana, of which state she was a resident, give birth to a male child; that the child at the time of the trial was alive, and was a bastard; that at the time of the conception, and at the time of the birth of said child, and at the time of the trial, she was an unmarried woman; that the defendant was the father of said child; that defendant had had sexual intercourse with her on the seventh, fourteenth, and twentieth days of August, 1892; that such acts of sexual intercourse took place at defendant's ranch, in said county and state, where she was then working as a domestic—had called and sworn one Mary Zehntner, and, after having shown by said witness that she was present at the birth of complainant's child, offered to prove by said witness that the complainant, Martha Zehntner had, before the birth of her said child, and during the pains of childbirth, and while in labor or travail, stated that the defendant, John C. Tipton, was the father of her child, thereupon asked the said witness the following question: 'Do you remember now whether, while she was under-

going labor pains, she stated who the father was'? whereupon counsel for the defendant objected to the question 'for the reason that any declaration that might have been made by the prosecuting witness, not under oath, is incompetent testimony, and is a declaration in her own favor'; which said objection was by the court sustained, and to which ruling the prosecution duly excepted."

Appellant now contends that the declarations of the relatrix as to who was the father of the child, made while she was in labor, are competent testimony. To support this contention he cites us to certain cases, such as *Robbins* v. *Smith*, 47 Conn. 182; *R. R.* v. *J. M.*, 3 N. H. 135; *Beals* v. *Furbish*, 39 Me. 469; *Commonwealth* v. *Cole*, 5 Mass. 518. But those cases were decided under peculiar statutes—statutes enacted when parties were not competent to testify in their own behalf. Such statutes gave to the plaintiff the right to introduce on the trial evidence that she had been put to discovery at the time of her travail, and had remained constant in the accusation of the defendant as the father of the child. Thus the fact of her having made such discovery was competent testimony on the trial. But we neither have such statute nor the need therefor. All persons with us are competent witnesses (Code Civ. Proc., § 647) with certain exceptions not here necessary to state. Therefore there is no principle or statute under which it can be held that it is competent for a party to prove in court what he himself has said out of court, and not under oath, when such matter is simply evidence in his favor, and is nothing more than a prior iteration of the testimony which he may now give upon the trial. That would be to allow a party to prove, by witnesses on the trial, that he had theretofore, out of court, and not under oath, stated to some one facts which were material to his case. Such declarations are not competent testimony. (1 Greenleaf on Evidence, § 123.)

The other alleged error complained of is the giving by the court to the jury the following instruction: "In this case the complaining witness has sworn that the defendant is the father of her child, while the defendant has sworn that he is not; and it is your duty to weigh and determine the testimony so

given. If you believe the complaining witness and the accused are of equal credibility, and the one offsets the other, then, unless there is other testimony given,. or circumstances proved, which give the preponderance to the complaining witness, the defendant should be acquitted. And you are further instructed that, so far as the credibility of the defendant and the complaining witness is concerned, this action is to be deemed civil in its nature, and, other things being equal, that the defendant is to be considered of equal credibility with the complaining witness. Before the defendant in this case can be convicted of the charge against him the testimony of the complaining witness must be sustained by facts and circumstances corroborating it." We cannot approve this instruction. The first sentence is correct. Therein the court leaves the credibility of the witnesses to be weighed and determined by the jury. (Code Civ. Proc., § 619.) The language of the second sentence of the instruction is not quite commendable. It tends to suggest to the jury that if one witness says one thing and another the contrary a balance is struck, and the jury is in a position of having heard nothing upon the subject; whereas the fact is, that if there is a direct conflict in the testimony of two witnesses, who are generally equally trustworthy and credible, the manner, style, and appearance of one witness might gain him credit with the jury, to the utter overthrow of the opposing witness. And all these matters are to be taken into consideration by the jury (Code Civ. Proc., § 619), and they are the judges of the witness' credibility, not wholly from what he says, but, in the language of the statute, "by the manner in which he testifies, and by the character of his testimony." But the fatal part of this instruction is the last sentence, in which the court says: "Before the defendant in this case can be convicted of the charge against him, the testimony of the complaining witness must be sustained by facts and circumstances corroborating it." This instruction is contrary to the statute, which declares that "the direct evidence of one witness, who is entitled to full credit, is sufficient for proof of any fact, except perjury and treason." (Code Civ. Proc., § 616.) If the jury believed the testimony of the plaintiff as a witness it was for them to find in accordance

with such belief. But this instruction invaded this province of the jury. It told the jury that it could not find for the plaintiff unless her testimony was corroborated. It was not corroborated. The court, therefore, told the jury to find for the defendant. It thus deprived the jury of their right and duty to pass upon the credibility of these two witnesses, and find their verdict in accordance with whether they believed one or the other. For this reason the judgment is reversed and the cause is remanded for a new trial.

*Reversed.*

PEMBERTON, C. J., and HARWOOD, J., concur.