STATE v. CHARLES F. SPENCER.

June 23, 1898.

Nos. 11,089—(19).

**Bastardy—Proceeding under G. S. 1894, c. 17—Declarations of Prosecutrix Inadmissible in Evidence.**

On the trial of a defendant in a proceeding under the bastardy act (G. S. 1894, c. 17), it is error to allow evidence of declarations made by the complainant female, not in court, and not under oath, that such defendant is the father of her bastard child.

Appeal by defendant from an order of the district court for Kandiyohi county, Powers, J., denying a motion for a new trial. Reversed.

*C. D. O'Brien* and *George E. Budd,* for appellant.

Evidence of plaintiff's declarations was incompetent. Stoppert v. Nierle, 45 Neb. 105; Richmond v. State, 19 Wis. 326; State v. Tipton, 15 Mont. 74; Sidelinger v. Bucklin, 64 Me. 371; Marvin v. Dutcher, 26 Minn. 391.

*A. F. Nordin* and *Samuel Porter*, for respondent.

A prosecution for bastardy under the Minnesota statute is not of such a nature that the complainant is a party in interest within the rule excluding declarations by a party in his own favor.   G. S. 1894, §§ 2051, 2052.

COLLINS, J.

The defendant stands convicted under the provisions of the bastardy act (G. S. 1894, c. 17).   At the trial the court overruled objections made by his counsel, and permitted the prosecution to show by the mother of the female who accused defendant of the paternity of her bastard child that before it was born her daughter declared to her that defendant was its father.   This was error for which a new trial must be granted.

These declarations were statements made by the person who at least had a direct pecuniary interest in the result of the action (State v. Nestaval, 72 Minn. 415, 75 N. W. 725), in her own favor, and tending to prove her case.   The evidence was hearsay of a most injurious character, and it was not within any of the few exceptions to the general rule that hearsay evidence is not admissible.   The statements were not made under oath, and they could not be raised to the dignity of competent evidence by being repeated under oath by the person to whom they were made.   It has been held in some states, under peculiar statutes enacted when parties in interest were not competent to testify in their own behalf, that such statements, especially when made while the female is in travail, are competent.   And perhaps this has been held in one or two states independently of such statutes.   See cases cited in note, 3 Am. & Eng. Enc. (2d Ed.) 879.   But the only reasonable rule is that evidence of such declarations, made out of court and not under oath, are incompetent and inadmissible.   Sidelinger v. Bucklin, 64 Me. 371; Richmond v. State, 19 Wis. 326; Walker v. State, 6 Blackf. 1; State v. Tipton, 15 Mont. 74, 38 Pac. 222; Stoppert v. Nierle, 45 Neb. 105, 63 N. W. 382.

Nor can it be held, as argued by counsel for the prosecution, that defendant was not prejudiced by this evidence, because the fact that such declarations had been made to the mother had previously been

brought out by counsel for defendant upon the cross-examination of the complainant female. ˙Counsel cannot be put in the position contended for, because such a ruling would render cross-examination exceedingly dangerous, and much more liable to prove a positive injury than of real value.

Our conclusion, that for the error above stated a new trial must be had, makes unnecessary a consideration of the claim strenuously urged by defendant's counsel that the evidence was wholly insufficient to support the verdict.

Order reversed.

Respondent having objected to appellant's proposed taxation of costs and disbursements against the county of Kandiyohi and the complaining witness on the ground that there was no statute which authorized costs to be taxed in a proceeding of this character, the clerk refused to tax them. An appeal having been taken from the clerk's decision, the following opinion was filed July 16, 1898:

PER CURIAM.

The defendant is not entitled to tax costs and disbursements in this case against the county of Kandiyohi or the complaining witness. The clerk's refusal to tax costs affirmed.