The People, ex rel. Maude Weese, Appellee, v. George
Welch, Appellant.

1.   BASTARDY—*what evidence not competent in prosecution for.*
In a prosecution for bastardy, it is not competent to permit the
prosecutrix to prove statements made by her to different parties
while she was pregnant, to the effect that the defendant was the
father of her unborn child.

2. - BASTARDY—*when instruction in prosecution for erroneous.* In a prosecution for bastardy, it is error to tell the jury that in case the defendant is found to be the father of the bastard child he will be condemned to pay certain moneys for the support of such child; the sole and only question for the jury is to determine whether or not the defendant is the father of the child in question:

. 3.  BASTARDY—*when instruction as to proof of alibi erroneous.* In a prosecution for bastardy, it is error to tell the jury that to render the proof of an alibi by the defendant satisfactory the evidence must cover the whole time during which it was charged that the defendant could have had intercourse with the prosecutrix so as to render it impossible that he could have committed the act.

4.  INSTRUCTIONS—*when upon credibility of witnesses erroneous.* It is error to tell the jury that a witness may be impeached by showing he has testified falsely, without telling the jury that such false testimony must have been wilfully given.

5.  INSTRUCTIONS—*must not submit question of law.* An instruction in a civil or *quasi* civil cause is erroneous which makes the jury the judges of the law.

. Bastardy proceeding. Appeal from the County Court of Fulton county; the Hon. J. D. BRECKENRIDGE, Judge, presiding. Heard in this court at the November term, 1907. Reversed and remanded. Opinion filed April 21, 1908.

HARVEY H. ATHERTON, for appellant.

, W. S. JEWELL, for appellee. ..

MR. JUSTICE RAMSAY delivered the opinion of the court.

. This was a proceeding in bastardy in the County Court of Fulton county brought by Maude Weese in the name of the People of the State of Illinois against George Welch. There was trial had in that court before a jury which resulted in a verdict finding Welch to be the father of said Maude Weese's child. Upon such verdict the court entered judgment requiring Welch to pay $100 for the first year and $50 per year for each succeeding nine years for the support of said child, from which Welch appealed.

.Appellant contends that the trial court was in error in allowing appellee to prove upon the trial that

Maude Weese made statements to different parties while she was pregnant to the effect that appellant was the father of her unborn child. This in our judgment was error. It was held in McCoy v. The People, 71 Ill. 111, that a bastardy proceeding was a civil one, and that the prosecutrix was the real party in interest, using the name of the People as plaintiff, as a mere matter of form. The statements of Maude Weese as to the paternity of her child were self-serving and therefore incompetent. Wright v. Raftree, 181 Ill. 464; Farlow v. Town of Camp Point, 186 Ill. 256; Bishop v. Estate of Elizabeth Bishop, 95 Ill. App. 53; Corcoran v. The People, 27 Ill. App. 638.

Appellee contends, however, even if the statements of the prosecutrix be self-serving, that in bastardy proceedings such statements made during pregnancy are admissible in evidence as tending to corroborate the mother in her claim as to the paternity of the child and cites Robbins v. Smith, 47 Conn. 182, and Welch v. Clark, 50 Vt. 386, in support of that claim. We think that the cases cited are to be regarded as exceptions to the general trend of decisions upon that subject.

In Siderlinger v. Bucklin, 64 Me. 371, the court say that the declarations of the complainant in bastardy are not admissible in evidence to corroborate the complainant. In Stoppert v. Niesle, 45 Neb. 105, the court say that evidence of the declarations of the complainant in a bastardy proceeding, in which she claimed defendant was the father of her child, made out of court, are incompetent. In Commonwealth v. Reed, 5 Phila. 528, 2 Pittsb. R. 470, the mother's deathbed declarations as to who was the father of her child were held to be inadmissible.

Such declarations by the prosecutrix have been held incompetent in Iowa v. Hussy, 7 Iowa 409; State v. Spencer, 73 Minn. 101; State v. Tipton, 15 Mont. 74.

In State v. Lowell, 123 Iowa 428, the court say that the procedure in this form of action is that which ob-

tains in ordinary civil actions and the rules of evidence are the same; hence declarations of the prosecutrix are not admissible.

In Corcoran v. The People, 27 Ill. App. 638, where the trial court allowed the prosecutrix to show she had named her bastard son after or for the reputed father and had also baptized him in that name in the church, the court say that such testimony was in the nature of manufactured evidence and was incompetent as tending to allow prosecutrix to corroborate her story by her own action.

Appellant next assigns as error the giving of the fourth, tenth, thirteenth and seventeenth instructions for appellee. Appellee's fourth instruction, which told the jury that in case defendant was found to be the father of the bastard child, he would be condemned to pay certain moneys for the support of the child, was erroneous in submitting to the jury an issue which was not then being tried by them. The sole and only question for the jury to determine was whether or not appellant was the father of the child.

Appellee's tenth instruction was bad in telling the jury that a witness could be impeached by showing that he had testified falsely without requiring such testimony to have been given wilfully.

Appellee's thirteenth instruction was erroneous in telling the jury that to render the proof of an *alibi* by appellant satisfactory the evidence must cover the whole time during which it was charged he could have had intercourse with the prosecutrix, so as to render it impossible that he could have committed the act. This instruction was condemned in Briggs v. The People, 219 Ill. 345.

Appellee's seventeenth instruction was bad in making the jury the judges of the law.

For the errors indicated the judgment must be reversed and the cause remanded.

*Reversed and remanded.*