## The People of the State of Illinois ex rel. Anna Betsching, Appellee, v. Philip Waibel, Appellant.

### Gen. No. 19,351. (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Affirmed. Opinion filed October 7, 1914.

### Statement of the Case.

Bastardy proceeding by the People of the State of Illinois *ex rel.* Anna Betsching against Phillip Waibel. Defendant was found guilty by a jury of being the father of the bastard child. Upon the verdict a judgment was duly entered against defendant in conformity with section 8, ch. 17 of Hurd's R. S., J. & A. ¶ 710. To reverse the judgment, defendant appeals.

Defendant urged as grounds for reversal that he was unduly restricted in the cross-examination of the prosecuting witness and that the judgment was against the weight of the evidence for two reasons: First, that the child was born before the expiration of the full period of gestation, counting from the first act of intercourse; and second, that defendant at the time of the alleged acts of intercourse withdrew before emission.

BERT D. WING, for appellant.

No appearance for appellee.

MR. JUSTICE GRAVES delivered the opinion of the court.

### Abstract of the Decision.

1. BASTARDS, § 25*—*when restriction of cross-examination of prosecuting witness not error.* In a bastardy proceeding, refusal

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

to permit the prosecuting witness to be asked on cross-examination whether she remembered any conversation she had with defendant prior to the time she claimed the first act of intercourse took place, *held* not error for the reason it prevented a cross-examination of her regarding any acts she may have committed prior to that time and still be within the usual period of gestation.

2. BASTARDS, § 25*—*when restriction of cross-examination of prosecuting witness not error*. In a bastardy proceeding, refusal to permit defendant's counsel to ask the prosecuting witness on cross-examination whether he had not visited her and she had not made certain answers to questions asked of her relative to the time she expected the child to be born and when the first act of intercourse took place, *held* not error for the reason it prevented defendant from laying a foundation for impeachment, it not being suggested how any answer could have been made that would have opened the door for impeachment, and it also appearing that the questions claimed to have been asked her were through an interpreter so that it was impossible for her to know of her own knowledge what questions were asked by counsel.

3. BASTARDS, § 62*—*when finding of guilty will not be disturbed for variation in gestation period*. A finding of a jury in a bastardy proceeding that defendant is the father of a bastard child will not be disturbed by reason of the fact that the birth of the child was seventeen days before the expiration of the usual period of gestation, especially where the uncontradicted evidence shows that the mother never had intercourse with any other person than defendant.

4. BASTARDS, § 62*—*when verdict of guilty will not be disturbed*. A verdict finding defendant guilty in a bastardy proceeding will not be disturbed for the reason that defendant testified that in performing the alleged act of intercourse he succeeded in withdrawing before emission, there being uncontradicted testimony that the mother of the child never had intercourse with any other man.

5. BASTARDS, § 64*—*when giving of improper instruction harmless*. Error of court in a bastardy proceeding in instructing the jury regarding the amount of money the defendant would be compelled to pay the mother of the child if they found him guilty, *held* not to have harmed defendant.

6. BASTARDS, § 64*—*when statement made by court harmless*. Where in a bastardy proceeding, after the court had concluded the giving of its oral instructions, the defendant's counsel asked the court for an instruction to show whether "the child was born alive or is alive," and the court apparently in response to such request stated that, "under the law if at any time after the child is born the child dies before the $550 is paid, the defendant can then come

---

*See **Illinois Notes Digest**, Vols. XI to XV, and **Cumulative Quarterly**, same topic and section number.

into court and show that fact by proper certificate, and as soon as he so shows, the payments stop," *held*, regardless of the questions whether the subject was a proper one for the jury and whether what was said by the court was intended as an instruction to the jury or a reply to the request of counsel, the statement was called out by such request did not misstate the law and could not have harmed defendant.

7.    MUNICIPAL COURT OF CHICAGO, § 17*—*when written requested instructions may be refused.* Where a judge of the Municipal Court instructs the jury orally he may refuse to give written requested instructions.