## The People of the State of Illinois ex rel. Margaret Cook, Appellee, v. Alexander Campbell, Appellant.

1. BASTARDS, § 22*—*what evidence sufficient to warrant conviction.* A preponderance of the evidence is sufficient to warrant a conviction in a bastardy case.

2. BASTARDS, § 22*—*when evidence sufficient to sustain conviction.* Evidence in a bastardy case *held* sufficiently corroborative of the evidence of the complaining witness to justify a conviction.

3. WITNESSES, § 207*—*when extent of cross-examination matter of discretion of court.* The extent to which cross-examination of a witness will be permitted is, to a large degree, a matter in the sound discretion of the trial court, and its rulings in connection therewith will not warrant a reversal of a judgment unless such discretion has been abused.

4. WITNESSES, § 225*—*when cross-examination not unduly restricted.* Cross-examination of the prosecuting witness in a bastardy case *held* not unduly restricted.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

5. INSTRUCTIONS, § 96*—*when instruction on credibility of witnesses erroneous.* In a bastardy case, an instruction to the effect that when a witness wilfully swears falsely to any matter material to the issue the jury may disregard his entire testimony, except where he is corroborated by other credible evidence, without adding the phrase "or by facts and circumstances proven on the trial," *held* erroneous.

6. APPEAL AND ERROR, § 1241*—*when party cannot complain of error in instruction.* A party cannot complain of an error in an instruction where the same error was contained in an instruction given at his instance.

7. BASTARDS, § 34*—*when assumption of facts in instruction proper.* An instruction given in a bastardy case to the effect that if the jury believe from the evidence that the defendant is the father of the child they should find him guilty, even if the prosecuting witness was mistaken as to the month and day when she had sexual intercourse with him, *held* not erroneous in that it assumed that if the defendant was the father of the child he had had sexual intercourse with its mother.

8. BASTARDS, § 34*—*when instruction on proof of alibi correct.* An instruction in a bastardy case to the effect that, in order to be availing to the defendant, proof of his alibi must cover the whole time during which conception might have taken place so as to render it impossible that the defendant could have committed the act, *held* correct.

9. BASTARDS, § 64*—*when giving of erroneous instruction harmless error.* In a bastardy proceeding, the giving of an instruction telling the jury what the defendant would be required to do if he were found guilty, *held* improper, but not reversible error.

Appeal from the County Court of DeWitt county; the Hon. FRED C. HILL, Judge, presiding. Heard in this court at the April term, 1915. Affirmed. Opinion filed April 21, 1916. Rehearing denied June 30, 1916.

L. W. INGHAM and HERRICK & HERRICK, for appellant.

L. O. WILLIAMS, for appellee.

MR. JUSTICE GRAVES delivered the opinion of the court.

*See Illinois Notes.Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

This is an appeal by the defendant in bastardy proceedings from a judgment of conviction in the County Court of DeWitt county.

While the testimony of the defendant and the prosecuting witness is sharply conflicting on the question whether sexual intercourse had taken place between them, the evidence discloses that they had the opportunity for such relations at a time when conception could have taken place, as shown by the date of the birth of the child in connection with the usual period of gestation; that the defendant was the first person, so far as the evidence discloses, that the prosecuting witness told of her condition after she found she was pregnant; that he advised with her as to what was best to do; that he arranged a meeting between her and a nurse in a city some distance from the place where the prosecuting witness was then residing, and in which she was a total stranger; that he accompanied her part way on her journey to meet the nurse; that he gave her a quantity of money to assist her in defraying her expenses; that the nurse took her to a doctor who was asked to perform an abortion, but who refused to do so; that upon such refusal, she reported to the defendant the result of the visit to the doctor; that the defendant then sent her back to the nurse who secured a place in the country for her to work for a time; that he undertook to keep the place of her retirement secret, and when approached by a detective who was seeking to locate her, at first refused to tell him where she was.

A preponderance of the evidence is sufficient to warrant a conviction in a bastardy case, and we think these circumstances were sufficiently corroborative of the evidence of the complaining witness to fully justify the verdict of guilty found by the jury.

Appellant complains that his cross-examination of the complaining witness was unduly restricted by the court. The extent to which the cross-examination of

a witness shall be permitted is always to a large degree a matter of sound discretion with the trial court, and rulings of the court either denying or permitting extended cross-examinations will not warrant the reversal of a judgment unless such discretion has been abused. In the case at bar, it is apparent from reading the examination of the prosecuting witness that she was a woman of less than average mentality. Her direct examination covers about sixteen pages of the record, while the cross-examination covers one hundred and twenty-three pages and was of a most searching character. While some questions were not answered at all, others were answered in a way to plainly show that they were not understood, and in answering still others the witness manifestly followed the lead of the cross-examiner like one in a trance. On the whole the ground was fairly covered. If there were any rulings of the court that were technically erroneous, no harm was done appellant thereby.

Complaint is made of the conduct of counsel for appellee. We see nothing in the matters pointed out calculated to prejudice appellant.

The court gave four instructions for the People that are complained of. One of these because in applying the rule that when a witness swears wilfully falsely to any matter material to the issue being tried, the jury may disregard his entire testimony, except where he is corroborated by other credible evidence, *or by facts and circumstances proven on the trial,* the words italicised were omitted. The criticism is well taken, but appellant is in no position to take advantage of the error because in an instruction prepared by him and given at his instance, numbered "14," the identical error is committed.

Another of these instructions told the jury in substance that, if they believed from the evidence that the defendant was the father of the child, they should find him guilty even if the prosecuting witness was

mistaken as to the month or day when she had sexual intercourse with him. This instruction is criticised because it assumes that the defendant had had sexual intercourse with the prosecuting witness. It is assumed in the instruction that, if the defendant was the father of the child, he had had sexual intercourse with its mother. This assumption is not unwarranted. History relates but one circumstance when the father of a child did not have sexual intercourse with the mother, and it is safe to assume that history will not repeat itself in that particular.

Another of the criticised instructions is on the subject of alibi. By it the jury were told that in order to be availing to the defendant the proof of the alibi must cover the whole of the transaction in question so as to render it impossible that the defendant could have committed the act. The instruction correctly states the law. The holdings in *People v. Welch,* 143 Ill. App. 191, and in *Briggs v. People,* 219 Ill. 330, cited by appellant, are not in point in this case. The instructions in those cases were condemned because the jury were thereby informed that the proof of alibi must be satisfactory. In this case the complaint is that the instruction announced the law to be that the proof must cover the whole time during which conception might have taken place.

Another instruction informed the jury of what the consequences of a verdict of guilty would be and what the defendant would be required to do if he was found guilty. While the jury had nothing to do with fixing the punishment of the defendant if he was found guilty, and the instruction should not have been given, we are aware of no decision of any court of review in this State holding that the giving of such an instruction would be sufficient alone to warrant the reversal of a judgment. *People v. Waibel,* 189 Ill. App. 30.

The judgment is therefore affirmed.

*Judgment affirmed.*