THE COUNTY OF BUFFALO, PLAINTIFF IN ERROR, V. JAMES VAN SICKLE, ET AL., DEFENDANTS IN ERROR.

1. **Pleading:** PETITION. The petition, as copied in the opinion *Held*, Not to contain facts sufficient to constitute a cause of action against the defendants other than Van Sickle the principal defendant.

2. ———: DEFALCATION OF COUNTY TREASURER. Said petition lays no foundation for the introduction of evidence tending to prove that the defendant Van Sickle committed a defalcation by taking money belonging to one fund to pay warrants drawn upon another fund, or by his taking money by him collected during one term of office, and applying it to purposes which should have been supplied by funds collected in a former term, and by him misapplied.

3. **Evidence.** The maxim *falsus in uno falsus in omnibus*, will only be applied in a case where a witness is shown to have willfully testified falsely as to a fact within his knowledge.

4. **Liability of County Treasurer:** DEFALCATION. The payment by a county treasurer, in his third term, of warrants drawn against the several funds during his second term, *Held*, Under the circumstances disclosed by the evidence, no evidence of defalcation during the third term.

ERROR to the district court for Buffalo county. Tried below before GASLIN, J.

*E. C. Calkins*, for plaintiff in error.

*C. J. Dilworth*, for defendants in error.

COBB, CH. J.

This action, as brought and tried in the district court, was in the nature of an action of debt on a county treasurer's bond, against an ex-county treasurer and his securities. The question was raised in the court below as to whether the petition stated facts sufficient to constitute a cause of action, and overruled. Yet it is quite apparent that

if the theory of this court upon which the case between the same parties was disposed of, as reported in 13 Neb., 103, is correct, the petition fails to state a cause of action against the defendants other than Van Sickle. Indeed it seems to me to fail to state a cause of action even against him upon any correct principle of pleading. It is nowhere stated in the said petition that the said treasurer at any time during his said term covered by the bond sued on had a dollar of the county money in his hands. In the case above cited we held " that statements made by said treasurer to the board of commissioners of the amount of money on hand at the commencement of his third term of office were not conclusive upon the sureties, nor were they estopped from denying, impeaching, or contradicting the same." But even if the so-called statements of the treasurer were conclusive as against the sureties as a matter of evidence, certainly they are not the substantive facts to be alleged in the pleadings. As I understand it, when it is sought to hold either securities or principal for moneys which the principal made default of within a certain term, although he may have made a report or an official statement which may estop him either alone or with his sureties to deny that he was chargeable with the moneys, it must be charged in the pleading directly as a fact that he had the money. Clearly this must be so upon the theory of the above case, because we held that the sureties might deny that their principal had the money at the commencement of the term for which they were security, and that their liability would turn upon the proof of that fact, not upon the fact of their principal having stated in a report or statement that he had such an amount of the county's money in his hands; and if it may be denied and must be proved to enable the plaintiff to recover, it follows logically that it constitutes a material part of the cause of action to be alleged in the petition, and without it the other facts alleged fail to state a cause of action.

The principal points made by plaintiff in its petition in error are as follows: "8. The court erred in refusing to find that the defendants, sureties of the said James Van Sickle, were liable for the difference between the amount in the following funds at the beginning and end of the term for which said bond was given, to-wit: County general fund county sinking fund, district school fund, county special fund, Kearney special fund, and bridge fund.

"9. That the court erred in finding that the proceeds of the said James Van Sickle's property paid into the treasury was applicable alone to the defalcation occurring during said term, and failing to find that said sum was applicable to the defalcation found to exist at the beginning of said term.

"10. In refusing to find that the making good of defalcation existing at the beginning of said term out of funds collected in his said term was a defalcation in his said term."

The petition is too lengthy to admit of its being copied in full in this opinion. I will therefore copy the latter portion of it, including the last alleged report or statement of the said Van Sickle as treasurer:

"That on the 16th day of October, 1879, the defendant, James Van Sickle, as treasurer as aforesaid, in pursuance of the statute made his report in writing to said board of commissioners of the moneys on hand on the first day of October, 1878, and paid out and received from that time to the 15th day of June, 1879, and of the moneys remaining on hand on the 15th day of June, 1879, wherein and whereby he certified that after deducting all sums paid out and all sums for which he was entitled to credit from the sum of the amount so as aforesaid held on the first day of October, 1878, and the amount since said time and up to and including the 15th day of June, 1879, collected and received, he still had on hand, on the said 15th day of June, 1879, as treasurer, the sum of twenty thousand four

hundred and nine and 24-100 dollars. That said statement was afterwards and on the 16th day of October, 1879, examined by said board of commissioners and found correct, and an accounting and settlement was thereupon had between the said defendant, James Van Sickle, as treasurer as aforesaid, and said board of commissioners, whereby it was settled and determined that the said defendant, James Van Sickle, had on hand and was chargeable with, as treasurer as aforesaid, on the said 15th day of June, 1879, the sum of twenty thousand four hundred and nine and 24-100 dollars.

"That the office of the said James Van Sickle was afterwards and on the eighth day of January, 1880, terminated by the qualification of his successor in office, and that after deducting from the sum of the amount on hand as aforesaid on the said 15th day of June, 1879, and the amount since and up to the eighth day of January, 1880, collected and received by him, all amounts paid out and for which he was entitled to credit, and all sums by him turned over to his successor in office, there still remained in his hands as such treasurer, the sum of twelve thousand three hundred and seventy-four and 53-100 dollars, which he was required by law and by the conditions of the said bond to pay over to his said successor, yet the said defendant, James Van Sickle, notwithstanding payment of the said sum has been duly demanded and requested, has failed, neglected, and refused, and still fails and neglects and refuses to pay over the said sum or any part thereof as required by the statute in such case made and provided and by the conditions of his said bond, but the whole amount is and remains unpaid, and likewise the said defendants, sureties of the said defendant Van Sickle, on his said bond as aforesaid, notwithstanding they have full knowledge and notice of the facts heretofore stated, and are required by law to pay said sum of money, and notwithstanding due demand and request for such payment, have failed, neglected, and refused to pay

said sum of money, and still fail, neglect, and refuse to pay the same, and that the whole amount thereof remains unpaid," etc.

By an examination of the petition, the substance of which is contained in the above extract, it will be seen that no foundation is therein laid for the presentation of the important questions sought to be presented by the petition in error and brief of the plaintiff in error. Evidently the petition was drawn upon the same theory the case was tried upon at the first trial, that the several statements made by Van Sickle to the board of county commissioners, as to the amount of public money then on hand, were conclusive upon his sureties as well as upon himself, and hence the petition was framed with no view to holding the sureties bound for any defalcation which might arise, were such a thing possible, by reason of the treasurer taking the money properly belonging to one fund with which to pay warrants drawn upon another, or by his taking money by him collected during one term of office and applying it to purposes which should have been supplied by funds collected in a former term and by him misapplied. While I do not think the evidence offered sufficient to have supported a judgment such as that contended for by plaintiff in error, yet even if it were there was no foundation laid for it in the petition, hence its rejection by the court, nor the failure on the part of the court to consider the evidence before it as establishing the position contended for by plaintiff can be deemed as well assigned for error.

I do not agree with plaintiff in error in his position that no credit should have been given by the court to the evidence of Van Sickle, because, as plaintiff asserts, he testified falsely when he said there was no defalcation in the third term. The fact whether there was a defalcation in the third term or not was a matter of figures and computation, and depended in but a small degree upon the ac-

curacy of Van Sickle's statement on that subject, and if it be admitted that he made an erroneous statement in regard to that matter, it was a false conclusion only, and not the knowingly and willfully stating falsely as to a matter of fact, and in the latter case only will a court apply the maxim *falsus in uno falsus in omnibus.* See *The Santissima Trinidad,* 7 Wheat., 283.

Plaintiff in its brief also makes the point that "the court erred in refusing to admit the warrant register showing that there were warrants registered at the beginning of the treasurer's third term sufficient to exhaust the amount of the county general, land road, poor, bridge, and jail funds, and that the warrants so registered were afterwards paid by Van Sickle."

From an examination of the figures furnished by plaintiff's brief, it appears that the amount reported by Van Sickle as on hand in the several funds above enumerated at the beginning of the third term was $4,803.55. Van Sickle had already testified that during his third term his property had been placed in the hands of certain of his bondsmen to secure them, had been converted into money, and eight thousand dollars, the proceeds thereof, paid into the county treasury. It is therefore a *non sequitur* that because the warrants drawn against the above enumerated funds were paid during the third term, they were therefore paid out of money diverted by Van Sickle from other purposes to which it had been appropriated, and such a construction would be to convert the best act of the ex-treasurer's official career into evidence of his guilt. The court did not err in refusing to admit the record of registration for such a purpose.

The point is also made that "the court also erred in holding that the amount paid in by the sureties was to apply on the defalcation in the third term." After a careful examination of the findings of the court as contained in the record, I fail to see upon what this point is founded.

If I understand the findings of the court, they amount to this, that there was a defalcation in the third term of three hundred and two dollars and thirty-five cents only, for which sum, with interest, the plaintiff had judgment against the bondsmen.

Counsel correctly state the law as to the application of payments, but it has no application to the facts of this case. Here the money was paid in by the securities, or some of them, on the bond for the third term; it was the proceeds of property placed in their hands by the principal on the bond, it is true; but could it be presumed that they would take this trust upon themselves and pay in the proceeds of the property to relieve parties strangers to themselves, and that for which they were liable remain standing against them? Clearly not.

I think there is no reversible error in the record, and the judgment of the district court is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.