FANNY C. WALKER v. E. A. WONDERLICK ET AL.

[FILED NOVEMBER 25, 1891.]

1. **Executions:** WRONGFUL LEVY: OFFICER'S BONDSMEN LIABLE. Where an officer with process against the property of A seizes, by virtue thereof, the property of B, he is guilty of official misconduct for which he and his sureties are liable on his official bond.

2. ———: ———: PLAINTIFF LIABLE FOR DIRECTING. Where the the goods of B were wrongfully levied upon and sold on an execution and attachment against A, and the plaintiffs in those actions directed the levy and sale and indemnified the officer, they are jointly liable with him and his sureties for the wrong.

ERROR to the district court for Gage county. Tried below before APPELGET, J.

A. *Hardy*, for plaintiff in error, cited: *Shaw v. Rowland*, 32 Kan., 154; Freeman, Executions, sec. 273; *Cox v. Hall*, 18 Vt., 191; *Peterson v. Foli*, 67 Ia., 402; *McMannus v. Lee*, 43 Mo., 206; *Clark v. Bales*, 15 Ark., 452; *Williams v. Sheldon*, 10 Wend. [N. Y.], 654; *McIntyre v. Green*, 36 Ga., 48; *Vosburgh v. Moak*, 1 Cush. [Mass.], 453; *Williamson v. Fischer*, 50 Mo., 198; *Turner v. Killian*, 12 Neb., 580; *Noble v. Himeo*, Id., 193.

J. A. *Vanorsdel*, and T. F. *Burke*, contra, cited: *Hall v.*

*Smith,* 14 Bush [Ky.], 604; 11 Am. & Eng. Ency. Law, 1015, note 3, and cases cited; Dicey, Parties to Actions, 431; Bliss, Code Pl., sec. 83.

MAXWELL, J.

The plaintiff brought an action in the district court of Gage county against the defendants. Her petition is as follows:

" First—That prior to the 5th day of December, 1889, the defendant E. Wonderlick had been duly chosen constable in and for Blue Springs township, in Gage county, Nebraska, and on the 8th day of January, 1890, filed his official bond, duly approved by the board of supervisors of said county, with the county clerk of said county, with the defendants Lewis Borngasser, George Poffen'barger, and George B. Johnson as his sureties thereon; a duly certified copy of his said bond is hereto annexed, marked 'A' and made a part hereof; said Wonderlick then duly qualified as and become a constable in and for said county, and at the time hereinafter mentioned was an acting constable in and for said county ; that thereafter, and on and prior to the 18th day of February, 1890, this plaintiff owned in her own right and was in possession of a stock of groceries and the fixtures necessary to carrying on a grocery store and a grocery business, and the same then being in a grocery store in the city of Blue Springs aforesaid; that the said stock of groceries and fixtures was then of the value of $511.37; that the annexed, marked ' B,' is a true and correct inventory of said goods, and the values set opposite the several items true and correct values of the same at that time; that on said 18th day of February the plaintiff was engaged in and carrying on the business of a retail grocer with said goods in said store in Blue Springs aforesaid and had a fair trade in her business ; that on said 18th day of February the defendant Wonderlick, acting by virtue of his office as such constable, wrongfully seized and took into his possession all of the said goods and fixtures of the

plaintiff, under an order of attachment in favor of said Blue Springs Bank, and against one S. T. Walker, and under an execution in favor of said Black Bros., said defendant then well knowing that said goods belonged to this plaintiff, and the execution being against S. T. Walker, and then wrongfully closed the plaintiff's store and destroyed her business, and converted all of said goods to this defendant's use, except $250.04 worth thereof at the prices mentioned in said 'Exhibit B,' which was on the 11th day of March, 1890, returned to the plaintiff; that by reason thereof the plaintiff has been damaged in the sum of $261.33, the value of said goods so taken and not returned, and in the further sum of $250, by reason of the breaking up and destroying of her business and her business credit.

"Second—For a second cause of action the plaintiff alleges that on and prior to the 18th day of February, 1890, this plaintiff owned in her own right and was in possession of a stock of groceries and fixtures necessary to carrying on a grocery store and the grocery business, the same then being in a grocery store in the city of Blue Springs, aforesaid; that said stock of groceries and fixtures was then of the value of $511.37; that the annexed, marked 'B,' is a true and correct inventory of said goods, and the values set opposite the several items were true and correct values of the same at that time; that on said 18th day of February the plaintiff was engaged in carrying on the business of a retail grocer with said goods in said store in Blue Springs aforesaid and had a fair trade in her business; that on said 18th day of February, the defendant Wonderlick was an acting constable in and for said county; that on said 18th day of February, the defendant the Blue Springs Bank had in the hands of said Wonderlick, as constable, an attachment against the goods and chattels of one S. T. Walker, and not against the goods and chattels of this plaintiff; that at the request and by the direction of the said bank, defendant, and upon its agreeing to indemnify him,

and at the request and by the direction of the defendants Black Bros., who had an execution in the hands of said constable against the goods and chattels of S. T. Walker and not against the goods and chattels of this plaintiff, and upon their agreeing to indemnify him, the said defendant Wonderlick, constable as aforesaid, under and by virtue of said attachment and said execution, and by virtue thereof, on said 18th day of February wrongfully seized and took into his possession all of the said goods and fixtures of this plaintiff, he well knowing that said goods and chattels belonged to this plaintiff, and then and thereby wrongfully closed the plaintiff's store and destroyed her business, and converted all of said goods to the use and benefit of these defendants, said bank and said Black Bros., for them and at their request, except $250.04 worth thereof, at the prices mentioned in said 'Exhibit B,' which was on the 11th day of March, 1890, returned to this plaintiff; that by reason thereof the plaintiff has been damaged in the sum of $261.33, the value of said goods so taken and not returned, and in the further sum of $250, by reason of breaking up and destroying her business credit, in all the sum of $511.33.

"Wherefore the plaintiff asks judgment against all of said defendants in the sum of $511.33, with interest thereon from the 18th day of February, 1890, and costs."

The defendants separately demurred to the petition upon the ground, first, that several causes of action were improperly joined; and second, that the petition does not state facts sufficient to constitute a cause of action. The demurrer was overruled as to Wonderlick, and sustained as to the other defendants, and the action as to them dismissed.

In *Turner v. Killian*, 12 Neb., 580, and *Noble v. Himeo*, Id., 193, it was held that where an officer with process against the property of one person seizes by virtue thereof the property of another, he is guilty of official misconduct

for which he and his sureties are liable on his official bond. This decision was rendered after a careful examination of the law on the subject, and will be adhered to. The sureties are liable, therefore, if the allegations of the petition are true. The bank and Black Bros. are also liable if the allegations of the second count are true.

It is alleged "that at the request and by the direction of said bank, defendant, and upon its agreeing to indemnify him, and at the request and by the direction of the defendants Black Bros., who had an execution in the hands of said constable against the goods and chattels of S. T. Walker, * * * and upon their agreeing to indemnify him," etc., the goods were levied upon and sold.

In *Sprague v. Kneeland*, 12 Wend. [N. Y.], 161, it was held that the officer who attached the goods, the one who took them from him on an execution in the attachment suit and the plaintiff in that action, were all responsible as joint wrong-doers. To the same effect are *Shaw v. Rowland*, 32 Kan., 154; *Cox v. Hall*, 18 Vt., 191; *Peterson v. Foli*, 67 Ia., 402; *Clark v. Bales*, 15 Ark., 452; *McMannas v. Lee*, 43 Mo., 206; Cooley on Torts, 135–6.

One who contributes to a wrongful act or advises or procures it to be done, is equally liable with the person committing the offense. If the allegations of the petition are true, the officer, with an execution and attachment in favor of Black Bros. and the bank and against one Taylor, levied the same upon the stock of goods of the plaintiff, sold the goods and broke up her business. This levy and sale were made, it is alleged, by direction of the bank and Black Bros., and upon their agreeing to indemnify the officer. If the proof should sustain these charges, all parties who participated therein would be liable. It may be that the goods were fraudulently transferred to prevent the payment of debt or for other cause, but that question must be raised by answer.

There is no misjoinder of causes of action, and as the

demurrers apply to both counts of the petition, they are overruled. The judgment of the district court against all but Wonderlick is reversed and the cause remanded for further proceedings.

JUDGMENT ACCORDINGLY.

THE other judges concur.