E. A. WONDERLICK ET AL. V. FANNIE C. WALKER.

FILED SEPTEMBER 19, 1894. No. 5597.

1. **Executions:** LIABILITY OF PLAINTIFF FOR DIRECTING WRONGFUL LEVY: SHERIFFS AND CONSTABLES: BONDS: SURETIES. Where the goods of B are wrongfully levied upon and sold on an execution and attachment against A, and the plaintiffs in those actions directed the levy and sale and indemnified the officer, they are jointly liable with him and his sureties for the wrong. Former decision of this branch of the case followed and adhered to. (See *Walker v. Wonderlick*, 33 Neb., 504.)

2. **Rulings on Evidence:** REVIEW: ASSIGNMENTS OF ERROR. In order to obtain a review in this court of the action of a trial court in the admission or rejection of testimony, the portion of the testimony in which it is claimed the error occurred must be specifically and definitely described or pointed out in the assignment in the petition in error.

3. **Instructions:** REVIEW: ASSIGNMENTS OF ERROR. Where the errors claimed to have been committed by the trial court, either in the giving or refusing certain instructions, are grouped in one assignment in the petition in error, they will be examined no further than to determine that one of the instructions given was proper and unobjectionable, or one of those refused was rightly refused.

4. **Review:** SUFFICIENCY OF EVIDENCE. Where there is sufficient evidence to sustain the finding of a jury, such finding will not be disturbed unless it is clearly wrong.

ERROR from the district court of Gage county. Tried below before BABCOCK, J.

*S. Rinaker, R. S. Bibb* and *Rickards & Prout*, for plaintiffs in error.

*A. Hardy, contra.*

HARRISON, J.

Fannie C. Walker, plaintiff in the district court of Gage county and defendant in error here, commenced her action in that court against plaintiffs in error, alleging in her petition that E. A. Wonderlick was a constable in and for Blue Springs township, in Gage county, and Lewis Borngasser, George Poffenbarger, and George B. Johnson were his bondsmen on his official bond as such constable, and that the Blue Springs Bank caused an attachment to be issued in an action commenced by it against one S. T. Walker, and placed the writ so issued in the hands of E. A. Wonderlick for service; that Black Bros. had theretofore obtained a judgment againt S. T. Walker and caused an execution to be issued thereon and delivered to E. A. Wonderlick for levy; that the plaintiff Fannie Walker was then the owner and in possession of a stock of groceries and some fixtures necessary and appropriate for carrying on a grocery business; that on February 18, 1890, the stock and fixtures were in a store-room in Blue Springs, in Gage county, then occupied by her, and in which she was engaged in and carrying on the business of a retail grocer with the goods, and had a fair trade; that the constable, E. A. Wonderlick, under and following directions given him by the Blue Springs Bank and Black Bros., and having been indemnified by them, levied the writ of attachment and of execution against S. T. Walker on her stock of groceries and sold them, or what remained in his hands after returning to her a quantity of goods of the value of

$250, and at the time of the levy closed her store and ruined her business, all to her damage in the sum of $511.33, for which sum with interest she demanded judgment. The Blue Springs Bank answered the petition, denying the ownership of Fannie Walker in the stock of goods and fixtures, and alleging that they belonged to S. T. Walker, the defendant in the attachment suit and judgment debtor against whom the execution levied by the defendant Wonderlick issued; that S. T. Walker was the husband of Fannie Walker, and he had attempted to convey the goods to her for the purpose of cheating and defrauding his creditors, and among them the Blue Springs Bank and Black Bros., and further generally denying each and every other allegation not expressly admitted or denied. There were some further statements in the answer, but it will not be necessary to notice or quote them here. The answer of Black Bros. was substantially the same as that of the bank, or its effect was to raise the same issues. The answer of the parties who were declared against as signers of the official bond of Wonderlick was that they had signed the bond with the express promise and agreement that two other persons, whose names were found written in the body of the bond, should also sign, and that it was not to be binding and not to be delivered to the clerk until the signatures of such persons were attached to it. That the promised signatures were never obtained. There was also a denial of each and every statement of the petition. Wonderlick's answer admitted that he was constable at the time stated in the petition, and in its further statements and substance raised practically the same issues as the answers of the bank and Black Bros. The reply of Fannie C. Walker was a general denial of all new matter contained in the answers. Of the issues presented by the pleadings there was a trial to the court and a jury, a verdict for Fannie C. Walker in the sum of $773.03, from which she filed a remittitur of $189.24, and after separate motions

for new trial, filed in behalf of the respective defendants, had been heard and overruled, the court entered judgment for Fannie C. Walker in the sum of $583.79. The defendants in the district court have brought the case to this court on petition in error for review.

The first assignment of error argued in the brief of plaintiff which we will notice is that "there was a misjoinder of parties defendant in this case, as appears by the pleadings and the evidence." When this case was instituted by Fannie C. Walker the defendants filed separate demurrers to the petition, stating, as grounds for the demurrers, first, that several causes of action were improperly joined; second, that the petition does not state facts sufficient to constitute a cause of action. Wonderlick's demurrer was overruled and the demurrer of the others sustained, and the suit dismissed in so far as it related to them. A review of the decision of the district court in a proceeding in error in this court from such action resulted in the judgment of the lower court as to all but Wonderlick being reversed and the case remanded for further proceedings. It was then held: "Where an officer with process against the property of A seizes, by virtue thereof, the property of B, he is guilty of official misconduct, for which he and his sureties are liable on his official bond. Where the goods of B are wrongfully levied upon and sold on an execution and attachment against A, and the plaintiffs in those actions directed the levy and sale and indemnified the officer, they are jointly liable with him and his sureties for the wrong." This branch of the case is reported in 33 Neb., 504. We are satisfied with the conclusions therein reached and the doctrine announced, and that the proof, as developed during the subsequent trial of the case, substantiated the allegations of the petition in reference to the part taken by the creditors, who were defendants in this suit, in causing the levy to be made, and consequently that there was no misjoinder of parties. (See, also, *Murray v. Mace*, 41 Neb., 60.)

The next assignment which claims our attention is that "the court erred in allowing the witnesses S. T. Walker and G. R. Turner to testify to conversations had with the defendant Wonderlick, plaintiff herein, out of the hearing of the plaintiffs herein and to their prejudice." It has been repeatedly held by this court that in order to obtain a review of alleged errors of a district court, in the admission or rejection of testimony, the errors complained of must be specifically pointed out or designated in the' petition in error. The above assignment fails to fulfill the requirements of this rule, in that it refers to conversations testified to in some portion of the testimony of the two witnesses named in the assignment, without stating in what portion of the evidence of either it will be found, or giving the subject of the conversation, or giving the page of the bill of exceptions where it appears or the numbers of the questions objected to, or in any manner making more than a general allusion to the evidence, the court's admission of which it is sought to review. This is not sufficient. The same rule will apply to and govern the other errors which it is argued the court committed in the admission of certain portions of the testimony, as the only reference made to them in the petition in error is the general one that "the court erred in overruling the objection of these plaintiffs, and each of them, to incompetent, irrelevant, and immaterial evidence offered by the defendant herein." This is insufficient to call for a review of the points presented in the brief.

The eighth and ninth assignments of error referred to the giving and refusing certain instructions, quoting them by number and grouping those given, to which exceptions were taken and preserved together in one paragraph, and also those refused in another paragraph of the assignments in the petition in error. We have carefully examined the instructions given which are described by numbers in the eighth assignment and also those referred to in the ninth

assignment as refused, and feel fully convinced that some of the instructions given named in the eighth assignment were directly in point, pertinent to the issues, and proper to be given, and at least one of the list of refused was correctly so discarded and not given, and in accordance with the settled rule of this court the objection to the instructions need not be further considered.

The only other assignment of error which is insisted upon in the argument of counsel for plaintiffs in error in the briefs filed is that "the verdict in said case was contrary to the law and the evidence and not supported thereby." The evidence adduced bearing upon the sale of the property in controversy from S. T. Walker, the husband, to Fannie C. Walker, the wife, whether *bona fide* or fraudulent, the main issue in the case to be determined by the jury, was conflicting, and the question raised was for the jury to answer, which they did by a finding on this point in favor of the plaintiff Fannie C. Walker, that the sale to her was made in good faith and was in all particulars an honest and actual transaction, and the evidence was sufficient to support such a finding on this branch of the case, and hence it will not be disturbed.

The verdict of the jury was for the sum of $773.03, from which, before judgment was rendered, there was remitted by the plaintiff Fannie C. Walker the sum of $189.24, which we presume was meant to include either the value of the goods returned by the constable to Mrs. Walker or the amount allowed by the jury as damages to her business caused by closing the store and depriving her of the use of the goods. There was a total lack of evidence upon which to predicate any calculation of damages on the claim for loss occasioned by the shutting up of the store and stopping the business. Mrs. Walker did not show that she had lost anything from this source; hence, whatever sum was contained in the verdict of the jury as an estimate of the damages for the loss of business was not sustained by

the evidence and erroneous. Mrs. Walker, in her petition, stated that the property seized by the constable was of the value of $511.33; that there was returned to her, by him, goods worth $250. According to this the value of the stock and fixtures retained by the constable and sold was $261.33, for which sum and interest the evidence was sufficient to sustain a verdict in favor of Mrs. Walker. The judgment rendered in the sum of $583.79 contains, as one of its elements, an item of $250 with interest at seven per cent per annum from February 18, 1890, to February, 1892, or $285. This $250, whether looked upon as damages for closing the store and stopping the business, or as the value of goods returned, was not, according to the pleadings and evidence, a proper item to include in the verdict or judgment for Mrs. Walker, hence we conclude that it must be deducted from the amount of the judgment or the plaintiffs in error awarded a new trial. The plaintiff in the district court, Mrs. Walker, may file within forty days a remittitur of the sum of $285, of the date of the judgment in this case, March 23, 1892, and the judgment will then stand affirmed. If such remittitur is not filed within the time stated, the judgment is reversed and the cause remanded for further proceedings.

JUDGMENT ACCORDINGLY.