Stoppert v. Nierle.

Frank H. Stoppert v. Elizabeth Nierle.

Filed May 21, 1895.    No. 6438.

1. **Bastardy Proceedings:** Jurisdiction of County Judge. Proceedings under chapter 37, Compiled Statutes, entitled "Illegitimate Children," are within the jurisdiction of a county judge and may be instituted and hearing had before such judge.

2. ———: EXAMINATION BEFORE JUSTICE OF THE PEACE. Errors committed by a justice of the peace or county judge in excluding testimony during the examination of the complainant in a bastardy case will not affect the jurisdiction of the district court.

3. Bastardy: TRIAL. An action under the provisions of our statute in relation to "Illegitimate Children" is, in its nature, a civil proceeding, and the rules governing such proceedings apply to it, and each party is entitled to but three peremptory challenges to jurors.

4. Continuance: REVIEW. Motions for change of venue and for continuance are addressed to the sound discretion of the trial court, and unless it appears that there has been an abuse of such discretion, its rulings thereon will not be disturbed.

5. Bastardy: CHARACTER OF DEFENDANT: EVIDENCE. The character and reputation of the defendant for chastity and virtue is not an issue in an action of bastardy; and notwithstanding proof of the facts of his having sexual connection with the complainant and of his being the father of her child may affect his reputation for chastity, he cannot invoke the aid of his previous reputation in that respect as tending to disprove such facts.

6. Statutes: CONSTRUCTION. Where the words of a statute are plain, direct, and unambiguous, no interpretation is needed to ascertain their meaning; a mere reading will suffice.

7. Bastardy: TRIAL: EVIDENCE. The portion of section 5, chapter 37, Compiled Statutes, entitled "Illegitimate Children," in which appears the statement, "And at the trial of such issue the examination before the justice shall be given in evidence," authorizes the offer and introduction in evidence by either party during trial in the district court of the examination of complainant in an action of bastardy, taken before a justice of the peace or county judge.

8. Trial: CREDIBILITY OF WITNESS: INSTRUCTION. An instruction worded as follows: "It is a fundamental principle of law and evidence that if a witness is found to have sworn falsely upon one material point, such witness should be presumed to have testified falsely on every other material point. If you find the plaintiff has testified falsely on one matter material to her case, you are at liberty to disregard her entire testimony for that reason alone,"—was requested to be given by plaintiff in error and the request refused by the trial court. Held, Not error, for the reason that the instruction was defective and erroneous, in that its statements in relation to a witness or the plaintiff swear-

ing falsely were not qualified by the words "willfully" or "intentionally," or others of like import, and did not correctly express the rule invoked of *Falsus in uno, falsus in omnibus.*

9. **Assignments of Error:** INSTRUCTIONS. Errors assigned in a group with reference to the giving or refusal to give instructions will be examined no further than is necessary to ascertain that one of the instructions given was correct, or one refused properly rejected.

10. **Bastardy:** WITNESSES: EVIDENCE. In an action of bastardy the defendant is entitled to ask the complainant during cross-examination whether she had sexual connection with other men at or near the time the child was begotten, and to have such questions answered; and it is error to restrict the range of such cross-examination to a number of days less than the period of gestation, especially so when, as in the case at bar, the time excluded by the restriction is the ten days or two weeks immediately prior to the date when the complainant has testified she had the first act of sexual intercourse with defendant, and also within the period of gestation.

11. **Rulings on Evidence:** REVIEW: ASSIGNMENTS OF ERROR. This court will not review the rulings of a trial court admitting testimony unless the particular rulings claimed to be erroneous are definitely pointed out in the allegations of the petition in error.

12. **Bastardy:** EVIDENCE. Evidence of declarations of the complainant in a bastardy suit, in which she claimed the defendant was the father of her child, made during ordinary conversations or out of court and not during her testimony before the justice or county judge or the district court, is incompetent and inadmissible.

12. ———: CHARACTER OF PROCEEDINGS: STATUTES. The purposes of a bastardy proceeding are to compel the father of the child to assist the mother in its support and maintenance and to indemnify the county against its becoming a public charge, and the portion of section 1, chapter 37, Compiled Statutes, 1893, in which it is provided that the party accused and the complainant may make a settlement, in so far as the relief sought is for her assistance and benefit, is but an incident to such object of the law, and is expressed in the title of the act for the maintenance and support of illegitimate children, approved February 25, 1875. (For act see Session Laws, 1875, p. 53.)

ERROR from the district court for Cedar county. Tried below before NORRIS, J.

*Wilbur F. Bryant,* for plaintiff in error.

*Gooding & Weed, contra.*

HARRISON, J.

On the 12th day of July, 1892, the defendant in error filed a complaint with the county judge of Cedar county, in which she charged the plaintiff in error with the paternity of her unborn bastard child. A warrant was issued and the plaintiff in error was arrested and brought before the county judge, and on hearing was held to appear before the district court to answer the charge. During the next term of the district court in Cedar county, after some preliminary matters (which will be noticed in their order in so far as objected to and properly assigned as error) had been presented and disposition made of them, the case was tried before the court and a jury and the defendant pronounced guilty by the jury in their verdict, and, after motion for new trial was heard and overruled, adjudged by the court to pay to the complainant the sum of $150 and the further sums of $10 per month until the child should be ten years of age, and the costs, with the further requirement that he give a bond in the sum of $1,200 to secure the performance of the judgment and order of the court, and if such bond was not given, to be committed to jail, etc. To reverse this judgment the case has been brought by proceedings in error to this court.

The first assignment of error in plaintiff's brief is that the court erred in overruling a motion to strike the case from the files,—by which we presume was meant to dismiss it, as that would have been the effect of an order sustaining the motion,—on the ground that the preliminary examination was before the county judge, and that a county

judge has no jurisdiction of a complaint in an action for bastardy. The question of the jurisdiction of a county judge in such a proceeding as this was presented to this court in *Ingram v. State*, 24 Neb., 33, and in the opinion then written it was held: "The county judge has jurisdiction to hear proceedings instituted under chapter 37 of Compiled Statutes, entitled 'Illegitimate Children,'" and we are satisfied with the conclusion reached at that time and will adhere to it.

It is further urged that the trial court should not have admitted in evidence the testimony of the complainant given at the preliminary hearing before the county judge, for two reasons: First, the testimony of the complainant taken at the preliminary hearing can be used by the defendant, but not introduced in behalf of the complainant; second, the county judge erred in sustaining objections to questions propounded to complainant for defendant during the hearing. With reference to the second of the above reasons it will suffice to say that the question raised was presented to this court in the case of *Altschuler v. Algaza*, 16 Neb., 631, the error assigned being, as in the case at bar, that to questions asked the complainant during her cross-examination, at the time she instituted her action before the justice of the peace, objections were made and sustained and the evidence sought to be elicited thus excluded, and it was then said that errors committed by the justice of the peace or examining magistrate in the exclusion of testimony during the examination of the complainant do not affect the jurisdiction of the district court. The first of the reasons as above stated in regard to the admission of the evidence taken at the examination before the county judge we will pass for the present and revert to it hereafter.

It is further assigned as error that the defendant was allowed but three peremptory challenges. The rule in regard to the number of peremptory challenges to which

either party is entitled in a case like the one at bar was announced by this court in *Kremling v. Lallman*, 16 Neb., 280, where it was stated that three was the correct number. We are satisfied with the conclusion reached in that case and the rule established.

It is contended that the trial court erred in overruling the defendant's motion for a change of venue. There were some affidavits filed in support of this motion and also some in opposition, and after an examination of them we do not feel warranted in saying that the trial court was wrong in concluding that the defendant could have a fair and impartial trial in the county where the action was pending, and it was not error to overrule the motion. (*Northeastern Nebraska R. Co. v. Frazier*, 25 Neb., 43.) Such a motion is addressed to the sound discretion of the court, and unless it appears that there was an abuse of such discretion, its ruling upon the same will not be disturbed. (*Smith v. State*, 4 Neb., 277.) There was no unfair exercise of discretion by the trial court in its ruling upon the motion in this case for a change of venue; hence it is approved.

A motion for continuance was filed on behalf of defendant, which was denied by the court, and this action is assigned for error. The disposition of such an application is one which calls for the exercise of the discretionary power of the trial court, and if no abuse of such power appears, there is no error, and, as an examination of the record discloses to us no just cause for complaint in this respect, the action of the district court in denying the motion must be allowed to stand.

During the trial plaintiff in error called a witness to prove his reputation for virtue and chastity, and an objection interposed to the testimony was sustained by the court and the evidence excluded. The plaintiff in error made the offer to prove the facts to establish his reputation in the particulars stated and the court adhered to its former ruling.

The case on trial is in the nature of a civil action, and in such actions, where the reputation in any particular is not in issue and has no direct bearing upon the questions involved, evidence of it is not competent or material. Such testimony is not admissible in an action for damages for an assault or assault and battery. In an action for damages for the alleged willful and malicious setting fire to and burning some stacks of wheat belonging to plaintiff it was held that evidence of defendant's good character was not admissible. (*Barton v. Thompson*, 56 Ia., 571, 9 N. W. Rep., 899.) In such a case, no matter how serious a moral delinquency may be involved in a fact and how much the establishment of the fact may affect a party's reputation, he cannot invoke the aid of his previous reputation to disprove the fact. (*Smets v. Plunket*, 1 Strob. [S. Car.], 372. See, also, *Boick v. Bissell*, 45 N. W. Rep. [Mich.], 55; *Klien v. Bayer*, 45 N. W. Rep. [Mich.], 991; *Norris v. Stewart's Heirs*, 10 S. E. Rep. [N. Car.], 912; *Gough v. St. John*, 16 Wend. [N. Y.], 647.) Character is not in issue in bastardy proceedings. (*Houser v. State*, 93 Ind., 228.) The evidence of character offered by plaintiff in error was not admissible and the court did not err in excluding it.

We will now return to the assignment of error which we passed over, that the court was in error in allowing defendant in error to introduce the evidence taken during the examination before the county judge, the plaintiff in error having objected to such admission. It is claimed by plaintiff in error that the examination of complainant before the justice of the peace in an action of bastardy is directed by the law to be preserved and a transcript made of it and forwarded to the district court with the other papers for the benefit of the defendant in the action, and he may waive its use as evidence during the trial of the cause in the district court, and if he does so, it cannot be introduced by the other party to the action. We are cited

by counsel for plaintiff in error to the case of *Strickler v. Grass*, 32 Neb., 811, as supporting the above contention. There are some expressions used in the opinion in that case that lend some color to such a claim, but as we read the case cited it does not discuss or pass upon the point raised in the case at bar, but discusses and decides an entirely different question. This court has said in an action of bastardy (*Altschuler v. Algaza, supra*): "The evidence of the complainant on the preliminary examination, reduced to writing by the justice and transmitted to the district court, is for the purpose of confirming or impeaching her testimony in the latter court;" but it may be said that the statement last quoted, viewed as a precedent, is subject to the same infirmities as the case of *Strickler v. Grass, supra,* and probably it is open to the same objection. But be this as it may, in section 5, chapter 37, Compiled Statutes, under the statutory provisions of which this action was instituted; appears this sentence: "And at the trial of such issue the examination before the justice shall be given in evidence, and the mother of the bastard child shall be admitted as a competent witness, and her credibility be left to the jury," and the words used are plain and direct in their import and no interpretation of them is necessary to ascertain their meaning. The statement is that "the examination before the justice shall be given in evidence," and to us it clearly authorizes its use by either party and its reception when offered by either. In the case of *Hoff v. Fisher*, 26 O. St., 8, it was said (note that the words of the law as quoted are identical with those employed in our statute): "Section 9 of the bastardy act provides, 'and at the trial of such issues the examination before the justice shall be given in evidence and the mother of the bastard child shall be admitted as a competent witness.' Under this provision, either party may offer the written examination, and if it be lost, its contents may be proved." The trial court did not err in receiving in evidence the exami-

nation of the complainant before the county judge when offered for her.

It is further alleged as error that the trial court refused to give instruction numbered 3, requested by plaintiff in error. The instruction asked was as follows: "It is a fundamental principle of law and evidence that if a witness is found to have sworn falsely upon one material point, such witness should be presumed to have testified falsely on every other material point. If you find the defendant has testified falsely on one matter material to her case, you are at liberty to disregard her entire testimony for that reason alone." It will suffice to say, without further discussing this instruction, that it is too broad and sweeping, and also imperfect in its statement of the rule of law applicable to witnesses, in that it omits the requirement that the false swearing, if any, by the witness should be found to have been willfully or intentionally so. The maxim *Falsus in uno, falsus in omnibus* will only be applied in a case where a witness is shown to have willfully testified falsely to a fact within his knowledge. (*Buffalo County v. Van Sickle,* 16 Neb., 363; 2 Thompson, Trials, sec. 2423.)

Another assignment of error is as follows: "The court erred in instructing the jury as appears in paragraphs 1, 2, 3, 4, 5, 6, and 7 of the instructions of the court given on its own motion. The instruction numbered 1 was a statement by the court of the subject of the trial, and number 2 was in regard to the burden of proof resting upon the complainant, and we cannot discover wherein either of them was objectionable, and this being determined, we need not further consider this assignment, as the instructions to which exceptions were taken are grouped therein.

It is also alleged: "The court erred in instructing the jury as set out in paragraphs 1 and 2 of the additional instructions of the court given on its own motion." The first of the instructions referred to was not defective, hence we need not further consider the assignment, as it comes

12

within the rule just stated. One allegation of the petition in error is "that the court erred in refusing to allow this plaintiff (the defendant below) to cross-examine the prosecutrix as to her having had sexual intercourse with persons other than the plaintiff in error within the 300 days limit." The record of the portion of the cross-examination during which it is claimed the error assigned occurred discloses that the counsel for plaintiff in error asked the prosecutrix if she had had sexual intercourse with any other person than the defendant Frank H. Stoppert between the 17th of October, 1891, and the 31st day of the same month, and on objection to this question being sustained, asked substantially the same question, except the dates were changed to between the 25th day of October, 1891, and the 31st, and objection being sustained to this, the dates were changed to between the 28th day of October, 1891, and the 19th day of November, and the court sustained an objection on the ground that it called for evidence of acts outside of the period of gestation, or more than 300 days prior to the birth of the child. The court made this statement in sustaining the objection: "I think that is one day too much now according to my count." Prior to this he said in regard to limiting the cross-examination: "If it goes outside the period the objection will be sustained. Under the authority here I shall not allow you to go beyond the 300 days; the supreme court decision here says at the most 300 days." The question was again changed in regard to the dates, to between the 29th of October, 1891, and the 19th day of November, 1891, and the objection to it was then overruled. Counsel for plaintiff in error excepted to each of the adverse rulings. The testimony shows that the complainant gave birth to a child August 13, 1892, and she stated that plaintiff in error had sexual connection with her five times, three times in the field where they were husking corn and twice in the house of his parents with whom she was living; that the acts of intercourse all oc-

curred during the month of November, 1891, the first
being on a day of the first part of the month and the others
at times during the same month, the exact date of them she
was unable to fix, but did state that one was soon after the
19th.    The cross-examination of the prosecutrix then as to
her intercourse with other men was restricted by the court
to a period shorter than that of gestation.    This was evi-
dently the result of a wrong calculation in regard to time,
as the statement had just been made that the questions
might be directed to times within the 300 days and were
almost immediately thereafter limited to a time some thir-
teen days less than indicated, the court, as we have quoted,
giving the date beyond which he did not allow the cross-
examination upon this point to extend, and as ascertained
by its calculation.    The plaintiff in error had a right to
cross-examine the complainant and during cross-examina-
tion to ask her if she had had intercourse with any other
men at or near the time the child was begotten, and to have
her answer such questions ( *Walker v. State,* 6 Blackf. [Ind.],
1; *Benham v. State,* 91 Ind., 82; *Ginn v. Commonwealth,*
5 Litt. [Ky.], 300; *United States v. Collins,* 1 Cranch C.
C. [U. S.], 592), and it was error to deny him such right.

One of the allegations of the petition is "that the court
erred in admitting in evidence declarations of the prose-
cutrix made out of court."    This assignment of error is
not sufficiently definite and specific to entitle the plaintiff
in error to have it reviewed, and the error, if any, avail-
able for a reversal of the judgment.    It does not state
what declarations of prosecutrix were admitted in evidence,
or on what subject, nor does it refer to any portion of the
record in which the testimony with reference to her decla-
rations will be found, nor by what witness the court allowed
them to be detailed. ( *Wonderlick v. Walker,* 41 Neb., 806 ;
*Cortelyou v. Maben,* 40 Neb., 512; *Minick v. Huff,* 41 Neb.,
516.)    Under this assignment of error counsel for plaintiff
in error argue that the action of the court by which it al-

lowed Maggie Lammers and Chris Speth to give in evidence the statements made to them by prosecutrix before the birth of her child, in which she asserted that the plaintiff in error was its father, was erroneous, and we think it best to determine the question of the admissibility of such evidence. The declarations were statements made by a party to the action, in her own favor and tending to establish her case, and it is not necessary to cite authorities to the effect that, as a general rule, evidence of such statements is not admissible. In some of the states, in actions of bastardy, evidence of such declarations of the mother of the child in regard to its paternity, made at certain times designated, such as during the labor of child-birth, etc., are by statutory enactment made competent evidence, and in our state, as we have seen, the examination of the prosecutrix before the magistrate is made admissible by statutory rule; but under the general rules, and in the absence of statutory permission, evidence of statements of a party to an action in his or her own favor is not admissible in behalf of the party who made them, and are not so in bastardy cases. (*Richmond v. State,* 19 Wis., 326; *Walker v. State,* 6 Blackf. [Ind.], 1.)

There are some assignments of error which relate to the alleged misconduct of a juror in drinking some intoxicating liquor during the progress of the trial, and also alleged misconduct of counsel for prosecutrix during the trial or while making a statement of the case. If there should be another trial, these are matters which would probably not appear again or be drawn in question, and not being necessarily involved in reaching a decision in the case at the present time, we will not discuss them.

It is urged that the verdict is not sustained by sufficient evidence. As a consideration of this would necessitate more or less comment upon the evidence, and as there must be a new trial, we think it best not to enter into a discussion of the weight and sufficiency of the testimony. This

case was submitted October 24, 1893.  November 12, 1894, plaintiff in error filed an amended petition in error, and on December 26, 1894, his counsel filed a brief in which it is argued that the act under the provisions of which this action was instituted is unconstitutional.  It is contended that the subject-matter of the section of the act wherein it is stated: "If, on such examination, the party accused shall pay or secure to be paid to the complainant such sum or sums of money or property as she may agree to receive in full satisfaction, and shall further give bonds to the county commissioners of the county in which said complainant shall reside and their successors in office, conditioned to save such county free from all charges toward the maintenance of said child, then and in that case the justice shall discharge the party accused out of custody, or [on] his paying the costs of prosecution," (see sec. 1, ch. 37, Compiled Statutes, 1893), insomuch as it provides for a settlement by the accused person with the complainant, is not expressed in the title of the act, and renders it unconstitutional, as violative of section 11, article 3, of the constitution, which is as follows: "No bill shall contain more than one subject, and the same shall be clearly expressed in its title."  In this argument we think counsel for plaintiff in error is clearly wrong.  The title to the act in question reads: "An act for the maintenance and support of illegitimate children." (See Session Laws, 1875, p. 53.)  The evident object of the legislation embraced in the act is to make the moral obligation of the father to assist in the support and maintenance of his child a legal one, and operative in favor and for the benefit of both the mother and the county.  "A proceeding under the bastardy act, while in the nature of a civil action, is properly a police regulation requiring the putative father to furnish support for his child and to indemnify the public against liability for its support." (*Ex parte Cottrell*, 13 Neb., 193.)  "To compel him to assist in the maintenance of the fruit of his immoral act,

and to indemnify the public against the burden of supporting the child, is the purpose of the proceeding in bastardy." (*In re Wheeler*, 34 Kan., 96; *Musser v. Stewart*, 21 O. St., 353.) The relief sought to be afforded by the law is twofold: to force the father to assist the mother in the support and maintenance of the child, and provide that it shall not become a county charge. It was entirely competent for the legislature to make provision for a settlement and satisfaction of this duty to the extent it affects the rights and is for the benefit of the mother. We can discover no objection to the accused and the complainant making such settlement either before or after the birth of the child, as it must be at either time a matter resting largely in calculation as to the time it will be necessary and the amount. It is but an incident to one of the main objects to be accomplished, viz., the assistance of the father in the support of his offspring, and as such is clearly and fully within the purview of the title of the act under the provisions of which the complainant commenced these proceedings.

There were no other points sufficiently raised by the allegations of the petition in error which we consider it advisable or necessary to discuss or determine now. The judgment of the district court will be reversed for the error committed in restricting the cross-examination of the prosecutrix on the subject, in the manner and to the extent hereinbefore indicated, and the case remanded.

REVERSED AND REMANDED.